## WELLS v. HELMS et al.
### No. 1806.

Circuit Court of Appeals, Tenth Circuit.
June 21, 1939.

Fred L. Hoyt, of Oklahoma City, for appellant.

John Barry, of Oklahoma City, Okl. (Chas. H. Garnett, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and WILLIAMS, Circuit Judges.

PHILLIPS, Circuit Judge.

Mrs. J. N. Wells brought this action against T. R. Helms,[1] administrator of the estate of John Charles Helms, deceased,[2] and K. A. Blewett, E. W. Blewett, J. R. Blewett, Mrs. V. I. Eslick, and Mrs. W. H. Thorn, to recover $6,666.67 as her share of the estate of Helms.

On January 18, 1937, the administrator filed an answer in the instant case wherein he set up that the county court of Oklahoma County, Oklahoma, in the matter of the estate of John Charles Helms, deceased, No. 12832, had entered a decree determining the heirs of Helms and ordering partial distribution of the estate. On September 30, 1938, the administrator filed an

[1] Hereinafter referred to as the administrator.

[2] Hereinafter referred to as Helms.

amended answer wherein he set up that the county court in cause No. 12832 had entered its decree approving the administrator's final account, confirming the prior determination of heirship, and directing final distribution of the estate, and further alleged that the administrator had been discharged. Copies of the orders and decrees of the county court were attached as exhibits to the answer and amended answer.

Thereafter, Wells filed replies denying generally all the allegations in the answer and amended answer. However, she admitted that the exhibits attached to the amended answer were correct copies of the orders of the Oklahoma county court but alleged they were improperly procured by the administrator because of the pendency of the instant case.

A motion for judgment on the pleadings interposed by the administrator was granted. Wells has appealed.

■ A motion for judgment on the pleadings admits every material fact properly stated in the pleadings and admits the untruth of allegations in movant's pleadings which have been denied. Bankers' Mtg. Co. v. McComb, 10 Cir., 60 F.2d 218, 221; Cardin Bldg. Co. v. Smith, 125 Okl. 300, 258 P. 910. Here, the material facts are not controverted. The question presented is not one of fact, but rather the legal effect of the proceedings in the county court.

The material facts are these:

Helms and his wife, Willa Helms, died on or about April 7, 1935, from injuries received in an automobile accident. Willa was the residuary legatee in the will of Helms.

Willa died intestate, leaving as her next of kin and heirs-at-law six brothers and sisters, being Wells and the defendants other than Helms in the instant case.

Shortly after Helms' death, the administrator filed a petition, in the county court of Oklahoma County, for the probate of the will and for the appointment of himself as administrator with the will annexed. W. H. Thorn, as administrator of Willa's estate, filed a petition alleging that Willa was an heir of Helms and legatee under the will of Helms and was living at the time of his death; that she had thereafter died; that as administrator of her estate he was entitled to receive the share in the Helms estate to which she would be entitled if living; and that he was entitled to be appointed administrator of Helms' estate. The county court, after a full trial, adjudged and decreed that Willa predeceased Helms and, therefore, could not take as an heir or as a legatee under his will. An appeal was taken to the district court of Oklahoma County and the cause tried de novo. The district court found that Willa did not survive Helms, and affirmed the decree in so far as it adjudged that she was not entitled to take as an heir or legatee of Helms.

Thereafter, on July 27, 1936, the administrator filed his first annual account together with a petition for an order determining the heirs of Helms, and directing a partial distribution of the estate. On September 3, 1936, the county court entered its order approving such account, determining Helms' heirs, and directing a partial distribution. This order in part reads:

"Thereupon evidence is introduced and heard by the court on the question of the heirs of decedent, and upon consideration thereof the Court finds that said decedent left no surviving wife."

On April 14, 1938, the county court entered its order approving the administrator's final account, confirming its previous determination of heirship, and directing final distribution of the estate. The decree in part reads:

"The court further finds that said decedent died testate, but that except for two bequests of specific money and property in his will, one of which was to Jeannette Deck * * *, and the other of which was to Jack Helms * * * the estate of said decedent is intestate estate and is distributable to his heirs. * * *"

It then sets out the heirs of Helms and their distributive shares. Neither Willa nor her heirs are named therein.

On July 9, 1938, the administrator was finally discharged.

Wells appeared by counsel in the probate proceedings and on the appeal in the district court of Oklahoma County. Wells claims through Willa, and Thorn, as the administrator of Willa's estate, also appeared in the probate proceedings.

■ An administrator appointed by a state court is an officer of that court and takes possession of the decedent's property in obedience to the orders of the court. His possession is the court's possession and

cannot be disturbed by any other court. Byers v. McAuley, 149 U.S. 608, 615, 13 S. Ct. 906, 37 L.Ed. 867.

■ However, a distributee of an estate, citizen of another state, may establish his right to a share in such estate, and enforce such adjudication against the administrator personally or his sureties, or against any other person liable therefor, or proceed in any way which does not disturb the actual possession of the property by the state court. Byers v. McAuley, supra; Waterman. v. Canal-Louisiana Bank Co., 215 U.S. 33, 44, 30 S.Ct. 10, 54 L.Ed. 80; Commonwealth Trust Co. v. Bradford, 297 U.S. 613, 619, 56 S.Ct. 600, 80 L.Ed. 920; Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 281, 83 L. Ed. 285.

In Commonwealth Trust Co. v. Bradford, supra, the court said [297 U.S. 613, 56 S.Ct. 602, 80 L.Ed. 920]:

"Such proceedings are not in rem; they seek only to establish rights; judgments therein do not deal with the property and order distribution; they adjudicate questions which precede distribution."

Here, the prayer of the complaint is too broad. Wells seeks a judgment against the administrator in his representative capacity for $6,666.67, and prays that the administrator be ordered to pay that amount to her as her portion of Willa's distributive share of Helms' estate. To grant the relief prayed for would interfere with the administration of Helms' estate in the county court and disturb its possession.

However, if the prayer of the complaint could be construed as asking for nothing more than a determination of the distributive share of Wells in Helms' estate, the result would be the same.

■ Sec. 13, Art. 7, Okla. Constitution, Okl.St.Ann. (O.S.1931, § 1067, 58 Okl.St. Ann. § 1) confers general probate jurisdiction upon the county courts of Oklahoma. Incidental to that general jurisdiction it has power to determine heirship pursuant to the provisions of §§ 1358 to 1361, O.S. 1931, or §§ 1386 to 1396, O.S.1931, 58 Okl. St.Ann. §§ 631–634, 84 Okl.St.Ann. §§ 251–261. In re Thompson's Estate, 179 Okl. 240, 65 P.2d 442, 445.

■ The decrees made by the county court in administering the Helms estate are conclusive as to who are the legatees, devisees, and heirs to the estate. O.S.1931, § 1359, 58 Okl.St.Ann. § 632. In re Thompson's Estate, supra; Pennington v. Woodner-McGaugh et al., 54 Okl. 110, 153 P. 875; Hogan v. Superior Court, 122 Okl. 295, 254 P. 966; Ward v. Cook, 152 Okl. 234, 3 P.2d 728, 731.[3]

■ It is well settled that where two actions involving the same cause of action are pending in a state and a federal court, and are within the concurrent jurisdiction of each, both actions, in so far as they seek relief in personam, may proceed at the same time and when one action has gone to judgment, that judgment may be set up in the other action as res judicata.[4]

■ It follows that the decrees of the county court adjudicating the heirship of Helms and decreeing that Willa, through whom Wells claims, was not an heir or legatee of Helms were a complete bar under the doctrine of res judicata to the relief sought in the instant case.

The judgment is accordingly affirmed.

---

[3] In Ward v. Cook, supra, the court said: "A decree of distribution made in the winding up of an estate is conclusive as to matters properly before the county court and involved in such hearing; that is, the determination of who the legatees, devisees, and heirs to the estate are and their respective interests therein."

[4] Boynton v. Moffat Tunnel Imp. Dist., 10 Cir., 57 F.2d 772, 778; Boatmen's Bank v. Fritzlen, 8 Cir., 135 F. 650, 667; McDougal v. Black Panther O. & G. Co., 8 Cir., 273 F. 113, 116; Marrs v. City of Oxford, D.C.Kan., 24 F.2d 541; Chicago, R. I. & P. R. Co. v. Schendel, 270 U.S. 611, 616, 617, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Kline v. Burke Const. Co., 260 U.S. 226, 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077; Princess Lida of Thurn & Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 280, 83 L.Ed. 285.