**O'HARE INTERNATIONAL BANK, a National Banking Association, formerly known as First National Bank of Park Ridge, Plaintiff-Appellant,**

**v.**

**William E. LAMBERT et al., Defendants-Appellees.**

**No. 71–1510.**

United States Court of Appeals, Tenth Circuit.

May 1, 1972.

Jack M. Sheehan, Oklahoma City, Okl., (McClelland, Collins, Sheehan, Bailey & Bailey, Lampkin, Wolfe, Burger, Abel, McCaffrey, & Norman, Oklahoma City, Okl., of counsel), for defendants-appellees.

Kenneth B. Samuels, Chicago, Ill. (Robert P. Marschall, Chicago, Ill., B. J. Brockett, Oklahoma City, Okl., on the brief; Henehan, Donovan & Isaacson, Chicago, Ill., of counsel), for plaintiff-appellant.

Before LEWIS, Chief Judge, and HOLLOWAY and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

O'Hare International Bank of Chicago, Illinois, (Bank), appeals from a summary judgment granted by the United States District Court, Western District of Oklahoma, upon motion of the defendants-appellees (Guarantors). The Bank's suit was brought for damages on an alleged breach of a guarantee agreement which the Bank contends inures to its benefit as a result of default in payments under an Aircraft Lease. Each of the Guarantors here are residents of the State of Oklahoma.

The Bank instituted an identical suit initially against the Guarantors on September 8, 1968, in the United States District Court for the Northern District of Illinois. That Court dismissed the Bank's complaint for want of personal jurisdiction over the Guarantors, none

of whom were residents of Illinois. The Bank appealed. On February 9, 1971, the United States Court of Appeals, 7th Circuit, reversed and remanded, O'Hare International Bank v. Hampton, 437 F. 2d 1173. The 7th Circuit Court held that the Bank had made a prima facie case that the Illinois long arm statute applied. Ill.Rev.Stat., Ch. 110, §§ 16, 17 (1969). Noting that the guaranty was an integral part of the entire transaction because it was delivered in Illinois and contained a specific provision that "it shall be construed according to the law of the State of Illinois, in which State it shall be performed . . . ," the Court held that while the plaintiff Bank must prove jurisdictional facts at trial, the guaranty document does have a substantial connection with the State of Illinois sufficient to satisfy the "minimum contacts" tests enunciated in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), McGee v. International Life Insurance Co., 355 U. S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

During the pendency of its appeal from the dismissal order entered by the Illinois Federal District Court, the Bank commenced identical actions in the court below and in federal district courts in Arkansas and Texas. Personal service was obtained over each of the Guarantors in the states of their residence. The Bank undertook the proceedings in order to toll application of state statutes of limitations against its claims and cause of action, in the event that it should be finally determined that in personam jurisdiction did not vest in Illinois.

Following pleadings, a pre-trial conference was held which included interrogatories which the Bank refused to answer. A motion to abate was filed by one of the Guarantors based upon the Illinois proceeding. The Bank on February 19, 1971, filed a motion to stay further proceedings "until a final determination is made of the personal jurisdiction over the defendants" in the United States District Court in Illinois to which remand had been made by the United States Court of Appeals, 7th Circuit. Thereafter the Bank filed a motion to dismiss without prejudice. The lower court denied both of the Bank's motions and proceeded to hear and grant Guarantor's motion for summary judgment on April 30, 1971.

At the April 30, 1971, hearing on the motion for summary judgment it was brought to the Court's attention that on April 23, 1971, the United States District Court for the Northern District of Illinois had issued an order restraining the Bank and the Guarantors from proceeding further in the instant cause. The trial judge recognized that the parties were confronted with conflicting court orders claiming jurisdiction over the parties and the identical cause of action. He observed, however, that instead of inviting a multiplicity of suits, his disposition of the motion for summary judgment would serve to resolve the entire litigation between the parties before him because there was no dispute in the suit before him relating to in personam jurisdiction. The Court noted that the Bank did not appear on the merits relating to the motion for summary judgment. The Judge reasoned that if he had granted the Bank's motion to stay proceedings that any determination by the Illinois Federal District Court on the issue of jurisdiction would likely be again appealed to the Court of Appeals. He did not interpret the opinion of February 4, 1971, as definitive on the "minimal contracts" required to satisfy jurisdiction under the Illinois long arm statute. We do not share the Trial Court's concern in this regard. We interpret the opinion as holding that in personam jurisdiction vested in the Illinois Federal District Court subject only to proof of authenticity, execution, delivery, relevancy and materiality of jurisdictional documents involving the alleged transactions in support of the cause of action.

■ It is well established in this Circuit that where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court. Cessna Aircraft Company v. Brown, 348 F.2d 689 (10th Cir. 1965); Chicago Pneumatic Tool Co. v. Hughes Tool Co., 180 F.2d 97 (10th Cir. 1950), cert. denied, 340 U.S. 816, 71 S. Ct. 46, 95 L.Ed. 600 (1950). Judge Breitenstein, speaking for this court in *Cessna, supra*, said:

"The rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated." 348 F.2d at 692.

■■ The fact that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that result from an attempt to exercise that power over a party who is a litigant in another forum where the judgment sought is in personam. Donovan v. City of Dallas, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964); Baltimore & Ohio Railroad Co. v. Kepner, 314 U.S. 44, 62 S.Ct. 6, 86 L.Ed. 288 (1941); Peck v. Jenness, 7 How. 612, 12 L.Ed. 841 (1849). An exception has been made in proceedings in rem or quasi in rem. The rule is that in such cases the state or federal court having custody of the property has exclusive jurisdiction to proceed. Princess Lida of Thurn and Taxis v. Thompson, Trustees, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939).

■ Except for the self-imposed rule of comity announced in *Cessna, supra*, the general rule is that where the judgment sought is strictly in personam, courts having concurrent jurisdiction may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. Princess Lida of Thurn and Taxis v. Thompson, *supra*.

■■ The only justification for employment of injunctive power by a court in a case such as this is to prevent a misuse of litigation in the nature of vexatious and oppressive foreign suits. Baltimore & Ohio Railroad Co. v. Kepner, *supra*. Here there is no question that the sole reason that the Bank instituted the instant suit and similar suits in federal district courts in Arkansas and Texas was to protect itself against expiration of the state statutes of limitations. The court below understood this. In this context the Bank's actions in instituting the suits in Oklahoma, Arkansas, and Texas were not vexatious and oppressive.

The rule of comity is a self-imposed restraint upon an authority actually possessed. Cole v. Cunningham, 133 U.S. 107, 10 S.Ct. 269, 33 L.Ed. 538 (1890). The abstention doctrine is not an automatic rule; it rather involves a discretionary exercise of the court's equity powers where there exist special circumstances prerequisite to its application on a case-by-case basis. Baggett v. Bullitt, 377 U.S. 360, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964). Where, as here, the complaint and cause of action is identical to that first filed in another federal forum having prima facie jurisdiction, the United States District Court for the Western District of Oklahoma abused its discretion in not granting the Bank's motion to stay proceedings until the first suit had been determined by the United States District Court for the Northern District of Illinois and after all appellate avenues had been availed or waived. This much was dictated as a matter of comity after remand from the United States Court of Appeals, 7th Circuit, in light of the predicament confronting the Bank.

Principles of comity applied here in that: (1) the Guaranty document provides on its face that "it shall be construed according to the laws of the State of Illinois, in which state it shall be performed"; (2) the Bank action here to-

**332**

gether with the actions filed in federal district courts in Arkansas and Texas are identical to the action first instituted in the Illinois Federal District Court wherein all of the defendants-guarantors are joined as parties in one proceeding; (3) the Bank instituted this action and the actions in Arkansas and Texas solely for the purpose of protecting its claims and cause of action against application of the statutes of limitations of the states of Oklahoma, Arkansas and Texas in the event that it should be *finally* determined that the Illinois Federal District Court is without in personam jurisdiction over the defendants-guarantors; (4) the Illinois Federal District Court is especially cognizant of Illinois state law for the rule of decision applicable in this diversity suit under the doctrine of Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); and (5) there are heavy dockets confronting federal courts and "simultaneous prosecution in two different courts of cases relating to the same parties and issues leads to the wastefulness of time, energy and money." Cessna Aircraft Company v. Brown, *supra,* 348 F.2d at 692; Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

The Bank did not consider its cause of action transitory, notwithstanding the fact that its action filed in the lower court is identical to that first initiated by the Bank in Illinois. The Bank did not institute the suit in the court below in the belief that it would secure a larger or easier recovery, nor did it do so to create a burden of making a defense.

We reverse the order awarding summary judgment and remand with instructions that the Court grant the motion for stay of proceedings filed by the Bank and abate all further proceedings subject to final judgment on the identical cause of action pending before the United States District Court for the Northern District of Illinois.