PRIVATE MEDICAL CARE FOUNDATION, INC., a corporation, Congress of County Medical Societies, Inc., a corporation, Pottawatomie County Medical Society, Inc., a corporation, Oklahoma State Medical Association and Francis A. Davis, M.D., Plaintiffs,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education & Welfare, Donald Kennedy, Commissioner of the Food & Drug Administration and J. Richard Crout, Director, Bureau of Drugs, Defendants.

No. CIV–77–0728–D.

United States District Court,
W. D. Oklahoma.

Oct. 14, 1977.

Roy J. Davis, Don G. Holladay, Oklahoma City, Okl., for plaintiffs.

John E. Green, Acting U. S. Atty., by Ronny D. Pyle, Asst. U. S. Atty., Oklahoma City, Okl., Jeffrey B. Springer, Deputy Chief Counsel, Michael P. Peskoe, Associate Chief Counsel, Donald O. Beers, Asst. Chief Counsel, FDA, Department of HEW, Rockville, Md., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

In this action, the Plaintiffs seek declaratory and injunctive relief with respect to a final regulation promulgated by the Commissioner of the Food and Drug Administration. The Defendants herein are Joseph A. Califano, Jr., the Secretary of Health, Education & Welfare; Donald Kennedy, the Commissioner of the Food & Drug Administration; and J. Richard Crout, the Director of the Bureau of Drugs. The regulation involved prescribes patient labeling requirements for estrogens for general use.

The action was filed in this Court on July 25, 1977. On July 29, 1977, an action[1] was filed in the United States District Court for the District of Delaware seeking declaratory and injunctive relief from the same regulation that is at issue in this case. The complaint in the Delaware action was filed by the Pharmaceutical Manufacturers Association against Defendants Food & Drug Administration; Joseph A. Califano, Jr., Secretary of Health, Education & Welfare; and Donald Kennedy, Commissioner of Food and Drugs.[2]

On August 12, 1977, the defendants in the Delaware case moved to transfer that action to this district, or, in the alternative, to stay or dismiss said action with leave to the plaintiff therein to resume its litigation upon final determination of this case. The plaintiff in the Delaware case filed a motion for preliminary injunction on September 12, 1977; a similar motion was filed in this case by the Plaintiffs herein on September 13, 1977. On October 5, 1977, the Delaware court rendered its opinion denying the defendants' motion to transfer, dismiss or stay the Delaware case in favor of the case in this district and denying the Delaware plaintiff's application for preliminary injunction.[3] On October 7, 1977, the Defendants in this case filed a Motion and Brief to Dismiss or Stay, requesting that the Court dismiss this proceeding or stay the same pending conclusion of the Delaware litigation. The aforementioned October 5, 1977 opinion of the Delaware court is attached to Defendants' Motion. Plaintiffs have filed a Brief in Opposition to Defendants' Motion and Brief to Dismiss or Stay.

The basis of the Motion to Dismiss or Stay filed herein is that there are now pending in the District of Delaware and the Eastern District of Louisiana actions involving the same issues as are involved in this case. Defendants claim that all groups affected by the challenged regulation, to include manufacturers, retailers, pharmacists, physicians and consumers, are represented in the Delaware litigation.

In opposition to Defendants' Motion, Plaintiffs claim that there are factors existing in this case which militate against it being stayed while the Delaware action goes forward. Plaintiffs state that this Court, as the Court whose action was first filed, has priority; that the parties in the Delaware and Oklahoma cases are not identical; that simultaneous litigation in Delaware and Oklahoma would not tax FDA's manpower abilities; that where the question is one of national importance, the appellate court may welcome the interim ex-

---

1. *Pharmaceutical Manufacturers Association v. Food and Drug Administration*, Civil Action No. 77–291.

2. Intervening Plaintiffs in the Delaware case are The American College of Obstetricians and Gynecologists, National Association of Chain Drug Stores, Inc., and American Society of Internal Medicine. Intervening Defendants in said case are the Consumers Union of United States, Inc., Consumer Federation of America, National Women's Health Network, and Women's Equity Action League.

3. Though the Opinion in the Delaware case does not decide the Motion for Preliminary Injunction filed by the Plaintiffs in this case, the Court has read the Opinion of the Delaware court with respect to the preliminary injunction issue and agrees with that court's findings.

pression of views by more than one lower court; that there is no reason to expect protracted litigation in this case whereas it would appear that it would be four to nine months before a decision in the Delaware case would be rendered; that the rights of the Plaintiffs in this case are not receiving attention in the Delaware litigation; that the issues presented in this case are apparently not being considered by the Delaware court; and the Plaintiffs are unable to intervene in the Delaware case as venue would be improper.

■ Defendants' Motion, insofar as it seeks dismissal of this action, is denied for the reason that it does not assert any of the defenses enumerated in Rule 12(b), Federal Rules of Civil Procedure. *Ainsworth v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 298 F.Supp. 479 (W.D.Okla.1969).

■■ However, inherent in the power of every Court to control its docket is the power to stay proceedings in the interest of justice. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Hines v. D'Artois*, 531 F.2d 726 (Fifth Cir. 1976). The granting of a stay ordinarily lies within the sound discretion of the district court. *Pet Milk Co. v. Ritter*, 323 F.2d 586 (Tenth Cir. 1963); *SEC v. Standard Life Corp.*, 413 F.Supp. 84 (W.D.Okla.1976).

The Supreme Court in *Landis v. North American Co., supra*, made several general statements relevant to district court stay orders:

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must

weigh competing interests and maintain an even balance. . . . True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a bare possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. Considerations such as these, however, are counsels of moderation rather than limitations upon power. . . .

. . . . .

. . . The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description. When once those limits have been reached the fetters should fall off. To put the thought in other words, an order which is to continue by its terms for an immoderate stretch of time is not to be upheld as moderate because conceivably the court that made it may be persuaded at a later time to undo what it has done."

■■ In exercising its discretion in determining whether a stay of this case pending the conclusion of the Delaware litigation would be proper, the Court notes that the Oklahoma and Delaware cases involve the same issues; that a full airing of the issues in this case is occurring in the Delaware litigation; that the Plaintiffs involved in the Oklahoma and Delaware cases represent substantially the same viewpoint; that the Delaware court has spent considerable time and effort in advancing the Delaware litigation to its present stage and has clearly indicated that it will proceed with its case notwithstanding the first filed rule;[4] that the interests of judicial econo-

---

4. This rule is that the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated. *O'Hare International Bank v. Lambert*, 459 F.2d 328 (Tenth Cir. 1972); *Cessna Aircraft*

*Co. v. Brown*, 348 F.2d 689 (Tenth Cir. 1965). In view of this rule, Plaintiffs argue that this action, as it was filed first, should have priority over the Delaware action. With respect to this contention, it is to be noted that the sequence of filing is not absolutely dispositive and that other factors enter into the determination of

my seek to avoid duplication of effort;[5] that the Delaware litigation is now at a more advanced stage than this case; that the Plaintiffs herein may intervene and share prosecution costs in Delaware without objection from Defendants; and that, though there is a stay of this action, Plaintiffs herein will still be entitled to their day in Court.

Accordingly, the Court finds and concludes that in the interest of judicial comity and economy, this Court should exercise judicial restraint and stay the instant action subject to the trial judgment on the action pending before the United States District Court for the District of Delaware. Accordingly, Defendants' Motion to Dismiss should be overruled and their Motion to Stay should be sustained.

It is so ordered this 14th day of October, 1977.

whether a stay should be granted. *Kistler Instrumente A.G. v. PCB Piezotronics, Inc.*, 419 F.Supp. 120 (W.D.N.Y.1976). The granting or denial of a stay in the circumstances of this case is a matter of discretion based on equitable considerations. There is no place for a rigid mechanical solution and as the decision involves discretion, each case must stand on its own facts and the equitable considerations involved. *Kerotest Manufacturing Co. v. C–O–Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

5. To permit two cases involving precisely the same issues which are simultaneously pending to proceed simultaneously in different federal district courts leads to an undesirable waste of time, energy and money. *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Though no precise rule has evolved, the general principle is to avoid duplicative litigation. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).