**NATIONAL AIRMOTIVE, Plaintiff,**

v.

**GOVERNMENT & STATE OF IRAN, Defendant.**

**Civ. A. No. 80–0711.**

United States District Court, District of Columbia.

June 17, 1980.

John T. Behrendt, Los Angeles, Cal., William R. Hyde, Jr., Gibson, Dunn & Crutcher, Washington, D. C., for plaintiff.

Thomas G. Shack, Jr., Abourezk, Shack & Mendenhall, P.C., Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

This is an action for breach of contract by an American corporation *inter alia* against the government and the state of Iran. After the complaint was filed, Iran filed a motion before the Judicial Panel on Multidistrict Litigation seeking the transfer of this case and 158 others to the U.S. District Court for the Southern District of New York for consolidated or coordinated pretrial proceedings. Shortly thereafter, defendants moved to stay the proceedings here pending the decision of the Judicial Panel, the United States supported the stay application, and this Court granted the motion.

On May 7, 1980, the Judicial Panel denied Iran's motion without prejudice to the right of any party to move for the transfer of any subgroups. Iran has now moved for a further stay pending either (1) action by the Judicial Panel on a second motion for consolidation filed by Iran, or (2) 30 days after the United States permits unrestricted travel to and from Iran. Plaintiff has opposed the motions, and the United States has not renewed its support for a stay.

Basic to defendant's motion is the proposition that a stay is warranted because as a consequence of the President's order banning travel between the United States and Iran,[1] counsel are precluded from obtaining the factual information necessary to formulate an appropriate defense in this action.[2]

Defendants concede[3] that the "ban on travel does not prevent counsel and their clients from meeting in countries other than Iran or the United States." They do argue, however, that Iran's "political organizations, such as the ministries and the military establishment, cannot leave Iran in order to meet with and assist counsel because of the political responsibilities they discharge."[4] The Court does not regard this as an adequate basis for a stay, for several reasons.

First, there is no sworn evidence that counsel are unable to secure the information necessary for a defense either because of the closing of the Iranian embassy here or because of the ban on travel to Iran.

Second, it is for the Iranian authorities to decide whether, in defense of this or any other lawsuit brought in the courts of the United States, they desire to have some of their governmental or other personnel meet with their counsel in appropriate locations to discuss the details of that defense.[5] Defendants here, as defendants in all cases, are entitled to a reasonable period of time during which to prepare, and in view of the geographical distance and possible communications problems, it may be that more time should be allowed than would be true in more normal circumstances. But there is no warrant for an indefinite stay[6] of the proceedings in lawsuits against Iran simply because the Iranian governmental authorities do not regard it as expedient to confer with their counsel at this time.[7]

Third, the power to stay proceedings is equitable in nature, and it is designed to foster the interests of judicial administration[8] and those of the litigants before the Court.[9] In the exercise of this discretionary power the Court appropriately takes into account any prejudicial effect the grant or denial of a stay would have on the parties.[10] An indefinite stay would severely prejudice the plaintiff which appears to be wholly blameless with respect to the present diffi-

1. Reference is made also to the closing of the Iranian embassy in Washington.

2. If that contention is correct and is adequate to support a stay, this case and the others involving Iran could not go forward even if the Judicial Panel acts favorably on defendants' second motion for consolidation.

3. Motion filed May 19, 1980, p. 3.

4. Motion, p. 3.

5. Alternatively, like defendants generally, they may prepare in some other way (e. g., by correspondence) or suffer a default.

6. Defendants' proposal for a sixty-day stay, to be followed by additional stays in thirty-day increments pending the lifting on the ban on travel to Iran is in actuality a request for an indefinite stay.

7. It is not without significance that the President's ban on travel and the closing of the Iranian embassy in the United States were provoked by actions of the Iranian authorities which would have been determined to be unlawful by the International Court of Justice. Case Concerning United States Diplomatic and Consular Staff in Tehran (*United States of America v. Iran*), 1980 I.C.J.Rep. —— (May 24, 1980, General List No. 64).

8. 5 Wright and Miller, *Federal Practice and Procedure* at p. 634 (1969).

9. *See Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1965); *see also* 1A Moore's Federal Practice 0.203[4] (1979).

10. Wright and Miller, *supra* note 8 at 639.

culty; and it would benefit defendants[11] who are not.

For the reasons stated, it is this 17th day of June, 1980,

ORDERED That the motions for stay of proceedings filed by the Government and State of Iran be and they are hereby denied.

11. A stay would also abort plaintiff's efforts towards effectuating service on Iran.