ADOLPH COORS COMPANY, a Colorado Corporation, Plaintiff,

v.

DAVENPORT MACHINE & FOUNDRY CO., a Division of Middle States Corporation, an Iowa corporation, Defendant.

Civ. A. No. 80–K–1061.

United States District Court, D. Colorado.

Feb. 6, 1981.

Earle D. Bellamy, III, Bradley, Campbell & Carney, Golden, Colo., for plaintiff.

Richard .L. Harring, Calkins, Kramer, Grimshaw & Harring, Denver, Colo., Carol A. H. Freeman and Thomas J. Shields, Land & Waterman, Davenport, Iowa, for defendant.

## ORDER

KANE, District Judge.

This diversity action filed on August 13, 1980, is brought by Adolph Coors Company, a Colorado corporation, alleging breach of contract and negligence by Davenport Machine and Foundry Company, an Iowa corporation, in the maintenance and repair of steam dryers used in Coors' brewing process. Coors is seeking damages in the amount of $340,000 in addition to interest, costs and reasonable attorneys fees. Davenport has moved to stay or dismiss because

of the pendency of an allegedly similar proceeding in the state courts in Iowa.

The complaint alleges that Coors purchased four steam dryers from Davenport and that beginning in the fall of 1978, Coors issued written purchase orders to Davenport for maintenance and repair work on all four steam dryers. Each of the written purchase orders contained provisions on the front and reverse sides, including, *inter alia*:

1. ENTIRE AGREEMENT: These terms and conditions together with any other terms stated on the front side hereof or by separate written communication from Coors constitute the entire transaction. All discussions and negotiations are merged herein. "Coors" as used herein refers to the Adolph Coors Company as Buyer. "Seller" refers to the named seller (vendor) providing goods or services pursuant to this Purchase Order.

\* \* \* \* \* \*

5. WARRANTIES AND REMEDIES: All services performed by Seller will conform to the terms and standards described in this order or if not so described shall conform to prevailing industry standards. Services not in accordance with this provision may, at Coors' option, (1) be accepted as is subject to an equitable adjustment in price; (2) be corrected by Coors or another party under Coors' direction at reasonable expense to Seller; or (3) be corrected by Seller at Seller's expense.

In addition to all remedies provided herein, Coors shall be entitled to all other remedies provided by law, INCLUDING INCIDENTAL AND CONSEQUENTIAL DAMAGES.

\* \* \* \* \* \*

10. CHOICE OF LAW: Seller acknowledges that it is inducing Coors to purchase and utilize goods and/or services in connection with its brewing, sales, construction and manufacturing operation in Golden, Colorado, and is thereby transacting business with Coors in the State of Colorado. This Purchase Order shall be governed by, subject to and construed according to the laws of the State of Colorado. Any litigation concerning this Purchase Order shall be under the jurisdiction of a state or federal court located within Colorado.

\* \* \* \* \* \*

16. WAIVER: No waiver, alteration or modification of any of the provisions of this contract shall be binding on Coors unless evidenced by a change order or written amendment duly signed by an authorized representative of Coors.

Pursuant to the written purchase orders Davenport supplied materials and labor and performed maintenance and repair work on the four steam dryers owned by Coors. Coors maintains, however, that the maintenance and repair work were defective, not performed in a good and skillful manner, and breached the terms and conditions of the purchase orders. Coors further claims that it relied to its detriment on Davenport's purported experience, expertise and asserted ability to perform competent maintenance and repair work and that Davenport's negligence in the performance of such directly and proximately caused injury to Coors. Coors states in its complaint that it made demand upon Davenport to supply proper materials and to cure its defective work, or, alternatively, to reimburse Coors for costs incurred in curing the defective work, but Davenport refused and continues to refuse to maintain and repair further or to reimburse. Apparently, Coors has taken recourse by withholding final payment to Davenport on certain invoices, some related to the repair and maintenance work, as an offset against its costs incurred in repairing the dryers itself.

Davenport seeks an order dismissing this action or a stay of all proceedings in this matter until there has been resolution and disposition of the lawsuit now pending on interlocutory appeal before the Iowa Supreme Court. The Iowa case was instituted in the District Court of Iowa for Scott County on January 18, 1980 by Davenport, and seeks judgment against Coors in the amount of $6,094.30 for payment on unpaid

invoices, interest, incidental damages, and costs of litigation. The action was brought pursuant to Iowa Code §§ 554.2709 and 554.2710 (1979). Coors filed a special appearance in the Iowa case on March 14, 1980, pursuant to Iowa Rule of Civil Procedure 66, attacking the jurisdiction of the Iowa district court over its person. After hearing on March 31, 1980, the Honorable L. D. Carstensen, Judge of the Seventh Judicial District of Iowa, sustained Coors' special appearance by written order dated June 2, 1980. *See Davenport Machine & Foundry Co. v. Adolph Coors Co.*, Civ.No. 62390, Mem.Op. (Iowa D.Ct., June 2, 1980).

After reviewing Coors' argument that the contract language of paragraph 10 of the purchase orders binds the parties to settling all disputes on the purchase orders within the jurisdiction of a Colorado state or federal court and under Colorado law, Judge Carstensen concluded that although choice of venue and law provisions are generally valid, such a provision cannot preclude the Iowa court of jurisdiction, where it is otherwise proper. Mem.Op. at 2.[1] Judge Carstensen then considered the appropriateness of personal jurisdiction over Coors under the Iowa long-arm statute, Iowa Code § 617.3 (1979),[2] and concluded that sufficient minimum contacts to maintain jurisdiction did not exist. *Id.* at 3–4. The district court order was timely appealed and is now pending before the Iowa Supreme Court in *Davenport Machine & Foundry Co. v. Adolph Coors Co.*, Civ.No. 65167 (Iowa).

The lawsuit in the Iowa court is one by Davenport "on account" for fourteen invoices unpaid in whole or in part by Coors. This case is by Coors for breach of contract and negligence in the maintenance and repair work performed by Davenport. The Iowa case is parallel, arises out of the same transactions as this diversity action, and is expected to involve identical issues of law and fact. Specifically, Davenport maintains that if the special appearance ruling of the Iowa district court is overruled, the Iowa action will proceed and Coors will be required to assert as a compulsory counterclaim the very issues it now seeks to litigate against Davenport in this diversity action.

Coors asserts, however, that the Iowa collection lawsuit and transactions involved therein are unrelated to its federal diversity action, except to the extent that damages incurred by Coors due to Davenport's faulty repair of the grain dryers can be used to offset amounts due to Davenport for other work. Coors argues that the fact that an offsetting claim exists does not make that cause of action a compulsory counterclaim in the Iowa case. Davenport disagrees, arguing essentially that the transactions and occurrences are all logically related, that three of the fourteen invoices specifically relate to the maintenance and repair work on Coors' grain dryers—a point Coors concedes, and that the offset claim is a compulsory counterclaim under Iowa Rule of Civil Procedure 29, being Coors' only defense for its failure to make payment on the invoices.

■ In the interest of comity I eschew determining whether Coors' claims in this litigation must be compulsorily asserted as a counterclaim in the Iowa litigation under the Iowa Rules of Civil Procedure. However, I am sufficiently convinced that under federal practice the claims of Coors would arise "out of the transaction or occurrence that is the subject matter of the opposing party's [Davenport's] claim," Fed.R.Civ.P.

---

1. The Iowa district court did not find persuasive Davenport's argument that the choice of venue provision was an adhesion contract, not negotiated or agreed to by Davenport in accepting and fulfilling the purchase orders. *Davenport Machine & Foundry Co. v. Adolph Coors Co.*, Civ.No. 62390, Mem.Op. at 2. The court stated, however, that rather than precluding Iowa state court jurisdiction, Coors' proper invocation of the provision lies with a motion to dismiss or an affirmative defense, indicating that the Colorado court is the proper forum for resolution of the dispute. *Id.*

2. Section 617.3 provides in pertinent part:

   If a nonresident person makes a contract with a resident of Iowa to be performed in whole or in part by either party in Iowa, ... such [act] shall be deemed to be doing business in Iowa by such person for the purposes of service of process or original notice on such person under this section, ....

13(a),[3] and thus would be considered compulsory because there is a logical relationship between the claim for payment on account and the refusal to pay the account because of a claim for compensation resulting from faulty maintenance and repair. *See Moore v. New York Cotton Exchange*, 270 U.S. 593, 610, 46 S.Ct. 367, 371, 70 L.Ed. 750 (1926); *Pipeliners Local Union No. 798, Tulsa, Oklahoma v. Ellerd*, 503 F.2d 1193, 1198–1199 (10th Cir. 1974); *Rosenthal v. Fowler*, 12 F.R.D. 388, 391 (S.D.N.Y.1952); Wright & Miller, *Federal Practice and Procedure*, § 1410, pp. 42, 46–48. *See also Walters v. Iowa-Des Moines National Bank*, 295 N.W.2d 430, 432–433 (Iowa 1980); *In re Estate of Hoelscher*, 249 Iowa 444, 450–453, 87 N.W.2d 446, 450–452 (1958).

Coors has essentially conceded that its claims and the claim of Davenport are inextricably tied to one another by its arguments before the Iowa courts in support of its special appearance. There Coors maintained that the transactions underlying the delinquent account were related to or the same as the grain dryer transactions in that all were conditioned by the agreement to limit venue and choice of law to Colorado and thus all disputes arising therefrom, including Davenport's cause of action on the unpaid account, should be litigated in Colorado. It is accepted that the words "transaction" and "occurrence" probably mean "whatever may be done by one person which affects another's rights and out of which a cause of action may arise." *Williams v. Robinson*, 1 F.R.D. 211, 213 (D.C.D. C.1940). The facts and circumstances out of which the separate causes of actions arise in this litigation are the same by Coors' own admission.

Although it is established that the mere pendency of an action in the state court is no bar to a proceeding concerning the same matter in a federal court having jurisdiction, *McClellan v. Carland*, 217 U.S. 268, 282, 30 S.Ct. 501, 504, 54 L.Ed. 762 (1910), *State Farm Mutual Automobile Ins. Co. v. Scholes*, 601 F.2d 1151, 1154 (10th Cir. 1979), *Duggins v. Hunt*, 323 F.2d 746, 748 (10th Cir. 1963), the relatedness of the claims is a persuasive factor in the granting of a stay or dismissal without prejudice. Considering identity of issues, the matters to be presented here are the same as those in the Iowa litigation. The granting of a discretionary stay in order to avoid multiple and piecemeal litigation is appropriate where concurrent state and federal actions exist. *See, e. g., Brown v. Chaffee*, 612 F.2d 497, 504 (10th Cir. 1979), *Atchison v. Nelson*, 460 F.Supp. 1102, 1108 (D.Wyo. 1978), and cases cited therein. However, "the decision whether to defer to the concurrent jurisdiction of a state court is, in the last analysis, a matter committed to the district court's discretion." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 664, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504 (1978), *citing Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). *Accord Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). As the Supreme Court stated in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), this decision to refrain from exercising "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them" must be committed to the "carefully considered judgment" of the district court. *Id.* at 817, 818, 96 S.Ct. at 1246. Factors

---

**3.** Rule 29 of the Iowa Rules of Civil Procedure is similar in substance to Federal Rule 13(a), *Folkner v. Collins*, 249 Iowa 1141, 1145, 91 N.W.2d 545, 546–547 (1958), thus the interpretation by federal courts of the federal rule is highly persuasive in the interpretation of the Iowa rule, *In re Estate of Hoelscher*, 249 Iowa 444, 450–451, 87 N.W.2d 446, 450–451 (1958). *Accord Harrington v. Polk Co. Fed. Sav. & Loan Ass'n of Des Moines*, 196 N.W.2d 543, 545 (Iowa 1972). Rule 29 of the Iowa Rules of Civil Procedure provides:

A pleading must contain a counterclaim for every cause of action then matured, and not the subject of a pending action, held by the pleader against any opposing party and arising out of the transaction or occurrence that is the basis of such opposing party's claim, unless its adjudication would require the presence of indispensable parties of whom jurisdiction cannot be acquired. A final judgment on the merits shall bar such a counterclaim, although not pleaded.

other than similarity of issues must be considered in determining whether to issue a stay or a dismissal without prejudice. In considering those factors, a court must weigh competing interests and maintain an even balance. *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

██ At the outset, the discretionary decision in this particular case demands special scrutiny because the fact of concurrent jurisdiction in the state court is at best uncertain. First, personal jurisdiction to hear the claims is in question in the state court. Second, it is unsettled whether the ultimate issues will be the same if the state court action survives. Coors may not be compelled to make its claim in the Iowa litigation. Further, if personal jurisdiction is found to exist in the Iowa court, Davenport will not be compelled to assert its claim on the unpaid account as a compulsory counterclaim in the federal litigation for the claim would be the subject of another pending action under Fed.R.Civ.P. 13(a)(1). This last factor may result in the federal litigation becoming dissimilar to that in the state. Although the Supreme Court requires a district court to review the scope of the pending state court proceeding, to anticipate the nature of the defenses open to the defendant, and to inquire into the overall sufficiency of the state court proceeding in order to ascertain whether the controversy between litigants can better be settled there, *Brillhart v. Excess Ins. Co.*, 316 U.S. at 495, 62 S.Ct. at 1175, *accord State Farm Mutual Automobile Ins. Co. v. Scholes*, 601 F.2d at 1155, it is not the prerogative of this court to prejudge or second-guess the Iowa Supreme Court in determining the jurisdictional powers of the Iowa courts under the Iowa long-arm statute or to determine whether a particular claim must be asserted under state civil practice. Having given careful consideration to the status of the state litigation and to the uncertainty of continued proceedings in the state court, I refrain from staying the federal litigation. Other considerations counsel the same result.

As the Tenth Circuit Court of Appeals indicated in *State Farm Mutual Automobile Ins. Co. v. Scholes*, 601 F.2d at 1155, among the many considerations pertinent to the exercise of the discretion to stay a proceeding are those of comity, the extent of disputed factual (as opposed to legal) issues involved, the order in which the courts obtained jurisdiction, adequacy of relief available in state court, avoidance of maneuvers to clog efficient judicial machinery, the need for comprehensive litigation, and the desirability of avoiding piecemeal litigation. Concerning the first two factors, as I indicated above, but for other considerations the similarity of issues in the two cases would warrant deference to the state court in the interest of comity. Regarding the third factor I recognize the general rule in federal litigation that the first court to obtain jurisdiction should have priority. *O'Hare Int'l Bank v. Lambert*, 459 F.2d 328 (10th Cir. 1972). However, the fact that the Iowa suit was first filed does not necessarily mandate priority in that court and deference by this court. *Private Medical Care Foundation, Inc. v. Califano*, 451 F.Supp. 450, 453 n.4 (W.D.Okla.1977). The sequence of filing is not dispositive; other equitable considerations enter into the determination. *Id. See Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952). The stage at which the respective concurrent proceedings exist is pivotal. *See Private Medical Care Foundation, Inc. v. Califano*, 451 F.Supp. at 452-453; *Weiner v. Shearson, Hammill & Co.*, 521 F.2d 817, 821-822 (9th Cir. 1975). Here, the Iowa litigation is nascent; jurisdiction has yet to be established.

Because the state proceeding has not progressed to a point where jurisdiction is clear and the case can proceed to the merits, I find that the relief in state court is inadequate. Every party to a lawsuit has a right to an expeditious determination of his claim. *Ohio Environmental Council v. United States District Court*, 565 F.2d 393, 396 (6th Cir. 1977). In granting a stay, a court must take into account the prejudicial effect on the parties. *National Airmotive v. Government and State of Iran*, 491

F.Supp. 555, 556 (D.C.D.C.1980), Wright & Miller, *Federal Practice and Procedure*, § 1360, p. 634. The burden of showing that there is a pressing need for a delay and that the other party will not suffer harm from the entry of a stay order is clearly on the party seeking the stay. *Landis v. North American Co.*, 299 U.S. at 255, 57 S.Ct. at 166, *Ohio Environmental Council v. United States District Court*, 565 F.2d at 396, *Federal Deposit Ins. Corp. v. First Nat'l Bank and Trust*, 496 F.Supp. 291, 293 (W.D.Okla. 1978). Davenport has failed to carry that burden as well as the burden of showing the Iowa action is one "in which all of the issues in controversy are presented and can be effectively adjudicated." *Steele v. Bunten*, Civ.No. 77–2033, Mem.Op. at 11 (10th Cir. 1978) (*quoted in Atchison v. Nelson*, 460 F.Supp. at 1109).

To order a stay at this point in the proceedings would be prejudicial to Coors. No proceedings on the merits of the state cases in Iowa have taken place. The Iowa trial court granted Coors special appearance and dismissed Davenport's petition for lack of personal jurisdiction over Coors. This issue alone is on appeal before the Iowa Supreme Court. In short, Davenport is seeking to stay proceedings in the present action while it attempts to gain personal jurisdiction over Coors in Iowa by appealing the ruling of the trial court. While I am want to express an opinion as to the outcome of the appeal, I can determine that the situation in the Iowa litigation compels this court to proceed with the case at hand. Further, although not dispositive of this determination, the fact that the parties apparently contracted to litigate all claims on the purchase orders in Colorado under Colorado law prompts the continued exercise of jurisdiction in this court. No real injustice works against Davenport in proceeding in this litigation given these circumstances. Although the "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided," *Brillhart v. Excess Ins. Co.*, 316 U.S. at 495, 62 S.Ct. at 1175, there is no appreciable interference where the uncertainty of continuing state litigation is so great.

Finally, concurrent litigation in the state and federal court in itself does not disrupt the policies of avoidance of piecemeal litigation, wise judicial administration, conservation of judicial resources, or comprehensive disposition of litigation. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. at 817, 96 S.Ct. at 1246, *Keroset Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. at 183, 72 S.Ct. at 221. As the Tenth Circuit stated in *Wells v. Helms*, 105 F.2d 402 (1939):

> It is well settled that where two actions involving the same cause of action are pending in a state and a federal court and are within the concurrent jurisdiction of each, both actions, insofar as they seek relief in personam, may proceed at the same time and when one action has gone to judgment, that judgment may be set up in the other action as res judicata.

*Id.* at 404. Therefore, it is

ORDERED that Davenport's motion to stay or dismiss be and hereby is denied.