**Clyde S. DAWN, Plaintiff,**

v.

**John W. MECOM and Mary Elizabeth Mecom, Defendants.**

**Civ. A. No. 80–K–1680.**

United States District Court, D. Colorado.

Sept. 3, 1981.

Norman D. Haglund, Kelly, Haglund, Garnsey & Kahn, Denver, Colo., for plaintiff.

Paul D. Cooper, Cooper & Kelley, Denver, Colo., for defendants.

## ORDER

KANE, District Judge.

This diversity action filed by the plaintiff, Clyde Dawn, a citizen of Colorado, against the defendants, John and Mary Mecom, citizens of Texas, is for confirmation of an arbitration award and for a declaratory judgment of dissolution, accounting and winding up of a joint venture. The amount in controversy exceeds $10,000. This matter is before the court on the defendants' motion to dismiss for lack of subject matter jurisdiction.

The defendants contend that this court's jurisdiction is precluded by the state district court's previous assumption of jurisdiction over the subject matter of this action by virtue of a motion for a temporary restraining order against arbitration proceedings and a declaratory judgment action pending in that state court.

For the following reasons the motion is denied.

On August 3, 1974, the parties entered into a joint venture agreement for the development and sale of real property located in Las Animas County, Colorado. Paragraph 16 of the contract provided that in the event of breach of the agreement, the matter would be submitted to arbitration by the American Arbitration Association in Denver, Colorado. On or about July 24, 1979, the plaintiff instituted arbitration proceedings in accordance with the contract alleging that the defendants materially breached the agreement.

In May, 1980, the defendants filed a complaint for a declaratory judgment to construe the joint venture agreement and the arbitration clause, and a motion for a temporary restraining order against arbitration proceedings, in the state district court. After a hearing, the court denied the motion for a temporary restraining order and stayed further proceedings pending arbitration.

From November 19, 1980 to November 23, 1980, the arbitration panel conducted its proceedings in Denver and on November 24, 1980 the panel issued its decision and award. In February, 1981, the plaintiff brought this action to confirm the arbitration award and for declaratory relief.

▋ There is no question that this court would have had jurisdiction to entertain the plaintiff's action in the absence of prior state court proceedings. The parties are of diverse citizenship and the amount in controversy exceeds $10,000 pursuant to 28 U.S.C. § 1332.[1] Further, assuming that the state court had jurisdiction over the defendant's action, it is a well established rule that where state and federal courts have concurrent jurisdiction, *in personam* actions involving similar issues may proceed simultaneously in both forums. *Miller v. Miller*, 423 F.2d 145, 146 (10th Cir. 1970). *Hyde Construction Co. v. Koehring*, 388 F.2d 501, 508 (10th Cir. 1968), *cert. denied*, 391 U.S. 905, 88 S.Ct. 1654, 20 L.Ed.2d 419 (1968), *Gilbert v. School District No. 50 Adams Cty.*, 485 F.Supp. 505, 507 (D.Colo.1980). Since both the defendant's action in state court and the plaintiff's action in federal court are *in personam* in nature, this court has the power to adjudicate this controversy.

▋ In addition, the doctrine of res judicata does not bar proceedings in this court since there has been no judgment in the pending state proceedings. The mere possibility of such judgment does not oust the jurisdiction of this court. *Gilbert v. School District, supra.*

▋▋ The doctrine of federal court abstention is also inappropriate in this case. The abstention doctrine is proper only in a narrow range of exceptional circumstances, *Colorado River Water Conservation District v. U. S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483, 495 (1976), such as where state court resolution of uncertain state law would obviate the need to determine federal constitutional issues, *id., Railroad Comm'n of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), or where federal intervention would disrupt complex state regulatory schemes, *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1942), or where the plaintiff is a defendant in a state enforcement action and is seeking to enjoin those proceedings, *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977), *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). None of these circumstances is present in the case before the court.

▋▋ While resolution of this action is not barred by the doctrines of res judicata, abstention or want of subject matter jurisdiction, this court, nevertheless, has discretion to defer to the concurrent jurisdiction of the state and stay its own proceedings. *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 664, 98 S.Ct. 2552, 2558, 57 L.Ed.2d 504, 512 (1978), *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963). Assuming that the defendants' motion to restrain temporarily arbitration and prayer for declaratory relief actually conferred jurisdiction on the state court, several factors weigh against staying the federal proceedings and compel this court not to deviate from the "virtually unflagging obligation of federal courts to exercise the jurisdiction given them." *Colorado River Water Conservation District v. U.S., supra*, 424 U.S. at 817–818, 96 S.Ct. at 1246–1247.

Although it is a general rule that the first court to obtain jurisdiction should have

---

1. While it is unclear from the pleadings whether the subject of this arbitration is "commerce," thereby invoking the Federal Arbitration Act, 9 U.S.C. §§ 1–14, this court nonetheless, has subject matter jurisdiction pursuant to the diversity statute, despite uncertainty as to the applicable law.

priority, *see Preston Corp. v. Raese*, 236 F.Supp. 135, 142 (N.D.W.Va.1964), the mere sequence of filing is not dispositive; other equitable considerations enter into the determination. *Private Medical Care Foundation, Inc. v. Califano*, 451 F.Supp. 450, 453 n.4 (W.D.Okl.1977). First, the desirability of avoiding piecemeal litigation, *State Farm Mutual Automobile v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979), weighs against staying the federal proceedings.

The plaintiff's action for confirmation of the arbitration award and for declaratory relief regarding the termination of the joint venture, seeks resolution of the entire controversy between the parties. The defendants, however, seek only limited relief in state court such as a declaration that the parties should not have arbitrated in the first instance. The defendants' action would only bring the controversy back to its starting point and require continuing litigation.

Second, the stage at which the respective proceedings exist is an additional consideration mitigating against staying the federal action. *See Private Medical Care Foundation, Inc. v. Califano, supra*, at 452–453. At the time this action was filed in federal court there had been no additional action in the state court proceeding so this court need not worry about proceeding with an action which is in an advanced stage in another court.

■ Third, the potential prejudice to the parties also supports the retention of federal jurisdiction over this action. *See National Airmotive v. Government and State of Iran*, 491 F.Supp. 555, 556 (D.D.C.1980), Wright & Miller, *Federal Practice and Procedure* § 1360, P. 634. The burden of showing that there is a pressing need for a delay and that the other party will not suffer harm from the entry of a stay order is on the party seeking the stay. *Landis v. North American Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936), *Environmental Council v. U. S. District Court*, 565 F.2d 393, 396 (6th Cir. 1977). The defendants have not satisfied this burden. Accordingly, a stay order is improper in this action.

■ Moreover, this case presents easier disposition than the above cited cases because under both Federal and Colorado law, the defendants' action did not confer jurisdiction on the state court. In *Ballantine Books, Inc. v. Capital Distributing Company*, 302 F.2d 17 (2d Cir. 1962), the Second Circuit upheld the federal district court's jurisdiction to confirm an arbitration award under circumstances similar to the instant case. The plaintiff, Ballantine, instituted arbitration proceedings against the defendant, Capital, over a contract dispute. During the course of arbitration the defendant unsuccessfully sought to disqualify one of the arbitrators by a judicial action instituted in New York state trial and appellate courts. While those state court proceedings were pending, the arbitrators issued an award favorable to the plaintiff, who immediately filed for confirmation in federal court pursuant to the Federal Arbitration Act. After confirming the power of federal courts to entertain a simultaneous action, even if the state court had concurrent jurisdiction, the circuit court went on to hold that as a matter of federal law, the state courts had no concurrent jurisdiction over the arbitration proceedings:

> Moreover, we hold that at the time of Ballantine's petition to confirm, the state court did not have the arbitration proceedings *sub judice* and thus there was in actuality no conflict of jurisdiction. Whether or not such jurisdiction had attached for this purpose is a question of federal law. *cf. Minkoff v. Scranton Frocks, Inc., supra*, 172 F.Supp. [870] at 876; *Robert Lawrence Co. v. Devonshire Fabrics, Inc., supra* [271 F.2d 402]; *Lummus Co. v. Commonwealth Oil Ref. Co.*, 297 F.2d 80, 88 n.7 (2d Cir. 1961). A party's unsuccessful attempt to have a state court entertain a motion to intervene in arbitration proceedings does not give the state court jurisdiction of the entire proceeding *sub judice* at least until such time as it has actually passed upon the merits of some dispute relating to the arbitration.

*Ballantine Books v. Capital Distributing Co., supra,* at 20. *See also Paley Associates v. Universal Woolens,* 446 F.Supp. 212, 215 (S.D.N.Y.1978). Accordingly, the state district court did not have the proceedings *sub judice* at the time of the plaintiff's petition to confirm the arbitration award.

 Further, under Colorado law, a valid and unwaived arbitration clause deprives the court of subject matter jurisdiction until the matter is submitted to arbitration. *Guthrie v. Barda,* 188 Colo. 124, 125, 533 P.2d 487, 488 (1975), *Cordillera Corp. v. Heard,* 41 Colo.App. 537, 539, 592 P.2d 12, 13, *aff'd* Colo., 612 P.2d 92 (1980).

For the aforementioned reasons, it is

ORDERED that the defendants' motion to dismiss for lack of jurisdiction is denied.