## No. 9953.

### PERRY v. BUCKINGHAM, ET AL.

Decided July 5, 1921.

Action to restrain the laying of a tile drain. Judgment for defendants.

### *Affirmed.*

1. DRAINAGE—*Contract.* In an action to restrain the laying of a tile drain under contract between the interested parties, a decree which appears to do justice, and does not in any respect violate the terms of the contract, will not be disturbed on review.

*Error to the District Court of Larimer County, Hon. Neil F. Graham, Judge.*

Mr. JEFFERSON MCANELLY, Mr. H. E. LUTHE, for plaintiff in error.

Mr. FRANK J. ANNIS, for defendants in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

THE parties to this action entered into a contract in writing providing for a system of drainage for the benefit

of their respective lands. The lands of defendant Buckingham lay in the northeast of Section 28 and the southwest of Section 27, Township 8 North, Range 69 West. Mitchell's land lay in Sections 27 and 34, and Perry's lands lay in Section 34, south and east of Mitchell's.

The contract provided for an outlet drain beginning on the north line of 34, running southward through the lands of Mitchell and Perry to The Larimer and Weld County Ditch.

Buckingham was permitted to connect this outlet ditch with a line of tile which terminated at a manhole near the southeast corner of his land in Section 28, the said line of tile to be connected with the main tile line "by means of a twelve-inch tile syphoned under The Little Cache la Poudre Ditch." This privilege was conditional, however. The contract provided that if the water collected on Buckingham's land ran into the main tile drain in such quantity as to overcrowd it, so that it did not effectually drain and reclaim the lands of Mitchell and Perry intended to be drained thereby, then Buckingham should cut off the ten-inch tile at the manhole, so as to prevent the waters collected above the manhole from passing into this common drainage system. To the contract was attached a map showing a plan of drainage. On the map all the laterals on the Buckingham land were marked for six-inch tile.

Buckingham paid one-third of the cost of the main outlet aforesaid and was proceeding to lay tile in his own land when the plaintiff in error began suit and obtained a temporary injunction upon the ground that Buckingham was laying tile larger than six inches in diameter.

Upon the trial of the cause it appeared that Buckingham, on the advice of the engineer, located the twelve-inch tile to be syphoned under The Little Cache la Poudre Ditch fifty feet eastward of the point where the ten-inch tile, which was in place at the time the contract was made, intersected The Little Cache la Poudre Ditch.

Counsel for the parties agreed substantially upon a decree in line with the court's announcement of his findings,

but plaintiff in error objected to the decree, and counsel thereupon withdrew his approval of it, excepted to it and brought the case here for review.

His objection to the decree is that the twelve-inch syphon under The Cache la Poudre Ditch is not properly located; and, second, that the court was without authority to provide for the selection of two engineers to determine when, if at all, the waters drained from Buckingham's land overcrowded the main outlet to the injury of plaintiff's land, and that if it were found that said outlet was so overcrowded, that thereupon the defendants should remove all of the twelve-inch tile drain on the southwest quarter of Section 27, and so connect the six-inch tile drains that only water from them shall be discharged into the main tile, thus eliminating any drainage waters from any tile in excess of six inches in diameter.

The first objection is not entitled to consideration. This is an equity suit and the syphon having been laid upon advice of the engineer, the plaintiff showing no injury from the slight change, and it being no violation of any specific provision of the contract, the court was justified in making the decree as it is in that respect. The provision of a method for determining when the outlet tile is insufficient to accomplish the purpose intended is a reasonable one and in full accord with the purpose of the contract as shown by its terms. The objection is without merit.

Defendant in error assigned cross errors all alleging that the marking of the size of the tiles on the plat was a mistake. This, however, is not supported by the evidence, defendant Buckingham practically admitting that he neglected to have put in the contract matters which later he found to be desirable.

The court was justified in refusing relief on the cross complaint. The decree appears to do justice, and does not in any respect violate the terms of the contract. It is therefore affirmed.

MR. JUSTICE BAILEY, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE ALLEN concur.