No. 12,970.

EUBANKS ET AL. *v.* GONDER.
(6 P. [2d] 3)

Decided November 30, 1931.

Mr. CLYDE L. STARRETT, Mr. R. L. CHAMBERS, Mr. C. W. DOLPH, for plaintiffs in error.

Mr. P. M. KISTLER, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error, hereinafter referred to as Eubanks and Mrs. Eubanks, were defendants below, and defendant in error, hereinafter referred to as Gonder, was plaintiff.

Gonder, a resident of Kansas, brought this action to enforce the specific performance of a written contract for the exchange of six lots in the town of Minneola in that state for an apartment house and furnishings in Colorado Springs. The cause was tried to the court without a jury, and to review a judgment against them, plaintiffs in error prosecute this writ and ask that it be made a supersedeas.

Before the trial of this action Eubanks, who had title to the Colorado Springs property, had transferred it to his wife and it developed that the Kansas property, at the time of the execution of the contract, stood in the name of M. D. Gonder, the father of M. Dayle Gonder; but since the father signed the contract as agent for his son and admits that he is bound thereby, and Mrs. Eubanks took title to the apartment house with full knowledge of the contract and admits that (barring the defenses herein relied upon) she is bound thereby, we take no further notice here of the titles of the father of Gonder or the wife of Eubanks.

The contract in question was dated August 14, 1930, and provided that each party was to furnish the other with an abstract "showing good title. Should there be

some defect in the title on either side either or each of said parties is to be given a reasonable length of time to quiet title." Eubanks furnished his abstract according to the contract, which abstract was presented to Kistler, attorney for Gonder, and duly approved. Gonder presented his abstract which was examined by Eubank's attorney, Chambers, who rejected the title. Whereupon, by agreement, the abstract was sent to the firm of Birch, Litowich & Royce, attorneys of Salina, Kansas, who suggested a suit to quiet title and designated the necessary parties defendant thereto. This was done. November 10, 1930, Eubanks wrote Gonder, "When you have your abstract completed just mail it to R. L. Chambers for his opinion and he will advise me." December 12, 1930, after title to the Gonder property had been quieted, the Kansas attorneys wrote Chambers that they had examined the abstract to the Kansas lots and "find said title to be derived by patent from the United States, and vested by conveyance of record in M. D. Gonder, free of all liens, charges and incumbrances." December 17, 1930, Chambers wrote Gonder, referring to his abstract which had been submitted to the Salina attorneys, "and approved by them as to your title therein. * * * This corroborates with my opinion." When Gonder's agent thereafter came to Colorado Springs to close the deal he could not find Eubanks. Mrs. Eubanks declined to take any action or have anything to do with the matter and Chambers took the same position, saying he did not represent Eubanks. This suit resulted. It is here contended: (1) That the title to the Kansas property has not been made good because service on certain defendants was by publication and under a statute of Kansas, neither pleaded nor offered in evidence, those defendants had three years from the date of the judgment to move to open it and present any defense they might have; (2) that when it became evident that a suit would be necessary to quiet the title to the Kansas property it was orally agreed that that title should be perfected within

seventy days, which was not done. Other minor contentions are made which we consider it unnecessary to notice.

█ █ 1. Aside from the fact that there is neither plea nor proof of the Kansas statute relied upon (*Polk v. Butterfield,* 9 Colo. 325, 327, 12 Pac. 216; *Mitchell v. Liggett,* 70 Colo. 219, 199 Pac. 486), Eubanks put his own interpretation on the meaning of the contract that Gonder should furnish an abstract "showing good title." That interpretation was that it should show a title good in the opinion of Chambers and the Kansas attorneys. They directed how the title was to be made good and approved it when so made and Eubanks is bound thereby.

█ . 2. The written contract provided for "a reasonable length of time to quiet title." If the time actually taken was reasonable then the alleged agreement for seventy days was not only an oral modification of the written contract, but was a new contract on that subject, and since it was without consideration was no contract.

The trial court specifically found that the written contract was fair and equitable and free from fraud; that the talk of seventy days to quiet title "was merely an informal discussion"; that if it was more it was without consideration; that the suit to quiet "was instituted within a reasonable time and prosecuted with reasonable diligence, and a decree obtained within a reasonable time"; that Eubanks had designated the method by which the title should be made good and selected his agents to pass thereon, all of which was complied with by Gonder; that Eubanks "was attempting to avoid carrying out his contract"; and that Gonder had fulfilled all his obligations thereunder.

These findings are amply supported by the evidence and the judgment is accordingly affirmed.

Mr. Chief Justice Adams, Mr. Justice Butler and Mr. Justice Moore concur.