No. 17,771.

JULIAN PANDO *v.* AVUNDO JASPER.

(295 P. [2d] 229)

Decided March 26, 1956.
Petition for rehearing stricken April 16, 1956.

Mr. MATT J. KIKEL, for plaintiff in error.

Messrs. PHELPS, FONDA & HAYS, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error was plaintiff in the trial court in an action to recover damages for personal injuries resulting from an automobile accident on October 10, 1953, while he was a passenger in an automobile owned and driven by defendant in error. We will refer to the parties as they appeared in the trial court. The accident occurred near Cimarron, Kansas.

The complaint alleged that the accident was the result of defendant's negligence and recklessness "consisting of a wilful and wanton disregard of the rights of the plaintiff."

By answer defendant admitted that the accident occurred; that plaintiff was riding in the automobile owned and operated by defendant; denied any negligence and set up several affirmative defenses, only two of which we need consider, viz: First Affirmative Defense "that the relationship between the plaintiff and the defendant was one of joint venture," and Fourth Affirmative Defense "that under the applicable laws, the plaintiff was a guest."

Prior to trial and over the objection of counsel for plaintiff, defendant was permitted to strike from his answer the First Affirmative Defense which alleged that plaintiff and defendant were engaged in a joint venture.

The evidence discloses that during the afternoon of October 10, 1953, defendant was the owner of a Pontiac automobile and "plaintiff took a ride with Mr. Jasper," the defendant. Plaintiff testified: "we started going east until we got to where the accident happened." He further testified that defendant drove his car at an excessive rate of speed, and "I mentioned the fact that he was driving too fast." To which defendant replied: "he was driving for a long time and hadn't turned over yet and said he was a good driver." Defendant's car went off the pavement on the right side of the road and then crossed the highway and ran into some fence posts and a telegraph pole. The accident occurred in Kansas on a

road paved with blacktop. Plaintiff sustained personal injuries, including a fractured leg.

Trial to a jury resulted in a verdict for defendant and plaintiff brings the case here on writ of error.

For reversal it is urged that the trial court erred in allowing defendant to strike the affirmative defense of joint venture from his answer, and in admitting the Kansas Guest statute in evidence and permitting defendant to introduce evidence pursuant thereto.

█ It is said that the trial court "abused its discretion" in permitting defendant to withdraw his first affirmative defense. We think not. Where, as here, several affirmative defenses are pleaded, defendant may at any time with the approval of the trial court withdraw one or all of them and thus limit the issues. We perceive no prejudicial error in the court's ruling permitting defendant to withdraw his first affirmative defense. The evidence clearly discloses that the parties to this action were not engaged in a joint venture, plaintiff's own testimony contradicts that which his counsel, at the opening of the trial, attempted to orally admit, to wit: that the allegation of a joint enterprise was true. Under the rules technicalities are not favored, pleadings should be liberally construed and relief granted on the basis of substance, to the end that substantial justice may be done.

█ Counsel for plaintiff objected to the introduction in evidence of the Kansas Guest Statute and the instructions predicated thereon. Our courts do not take judicial notice of the statutes of foreign jurisdictions, *Mitchell v. Liggett,* 70 Colo. 219, 199 Pac. 486. If such statutes constitute the basis of a claim or defense, the statute relied upon must be pleaded and proved. In the instant case plaintiff's claim is governed by the lex loci delicit, rather than the lex fori. 11 Am. Jur. Sec. 182 p. 400. Statutes of foreign states must be pleaded and proved like other facts relied upon in support of a claim or a defense. *Eubanks v. Gonder,* 90 Colo. 44, 6 P. (2d) 3.

We quote from the syllabus in *Bean v. Westwood,* 101

Colo. 288, 73 P. (2d) 386: "A party who wishes to rely upon the statutes of another state to support his position in a legal controversy must plead such statutes." To the same effect are: *Fern v. Crandell,* 79 Colo. 403, 246 Pac. 270; *Geller v. McCown,* 64 Nev. 106, 178 P. (2d) 380.

In the present case the Kansas Guest statute was not set forth in the pleadings, nor was there any averment of the substance or effect thereof, nor any reference to the particular section of the Kansas statute relied upon.

We have carefully considered the objections to instructions given and refused which counsel for plaintiff contend constituted error, and find the objections to be without merit.

In admitting the Kansas Guest Statute in evidence, and instructing the jury with reference thereto, under the pleadings as presently framed, we must hold that the trial court was in error.

Accordingly the judgment is reversed and the cause remanded for further proceedings consistent with this opinion and the Rules of Civil Procedure.

MR. JUSTICE MOORE dissents.