O. H. BENGSTON, Administrator of the Estate of Phinice Van Pelt, deceased, Appellant,

v.

Andrew NESHEIM, Appellee.

No. 15822.

United States Court of Appeals
Ninth Circuit.

Oct. 6, 1958.

John J. Keough, Michael J. Cafferty, Seattle, Wash., for appellant.

Hullin & Ehrlichman, John A. Roberts, Jr., Seattle, Wash., for appellee.

Before HEALY, FEE, and HAMLIN, Circuit Judges.

HEALY, Circuit Judge.

This appeal is from a summary judgment of the United States District Court for the Western District of Washington. The admitted facts of the case essential to a determination of the appeal are these:

On January 17, 1955, Phinice Van Pelt, a resident of Oregon, was drowned in a river in that state. Approximately two years and three weeks after Van Pelt's decease the appellant, as administrator of his estate, commenced this action in the court below against appellee, Nesheim, alleging that negligence of the latter was the proximate cause of Van Pelt's death. Nesheim had formerly lived in Oregon, but had left that state

and moved to Washington within two years subsequent to Van Pelt's decease.

At all times pertinent to this action there was in force and effect in the State of Oregon the following statute:

"O.R.S. 30.020. Action by personal representative for wrongful death. When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the decedent, for the benefit of the surviving spouse and dependents and in case there is no surviving spouse or dependents, then for the benefit of the estate of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $20,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased."

Oregon has a statute which tolls the statute of limitations for actions in case a resident leaves the state within the period of the limitation. ORS 12.-150. The State of Washington has a three-year limitation on death actions, RCW 4.16.080, and a similar tolling statute, RCW 4.16.180. Appellant argues that the two-year statute of limitations in the Oregon death act was tolled, since appellee had left Oregon within the two-year period.

The trial judge rejected this argument—properly so, we think. While the Oregon courts have not spoken directly on the subject, the great preponderance of judicial opinion is to the effect that the periods of limitations written into wrongful death statutes are not properly statutes of limitations as that term is generally understood, but are qualifications and conditions restricting the rights granted by the statute. See 67 A.L.R. 1070. There, twenty-five states are listed as following the rule just stated, and only Kentucky and Oklahoma appear contra. Likewise an overwhelming number of the states hold that tolling statutes do not affect conditions written into wrongful death acts. Consult 132 A.L.R. 292. Of the states that have allowed tolling, most of the cases are distinguishable. Thus war has been held to suspend the entire right of action.

Oregon has held that the wrongful death act is one creating a new cause of action, unknown to the common law. See Hansen v. Hayes, 175 Or. 358, 154 P.2d 202. Although the Oregon court has not ruled specifically on the subject, it has said that the tolling provisions were intended to apply only to common law causes of action. It is evident, therefore, that Oregon would not apply its tolling statute to the two-year condition in the wrongful death act.

Obviously, the Washington court will apply Oregon law because this is an integral part of the act creating the right; it is not mere procedure, as a normal statute of limitations would be.

Appellant cites Richardson v. Pacific Power & Light Co., 11 Wash.2d 288, 118 P.2d 985, as authority for the proposition that to apply the two-year limitation of the Oregon act would be contrary to the public policy of the State of Washington. However, the Richardson case merely states the general rule that State A will not enforce a cause of action created by State B if to do so would offend the public policy of State A. Appellant does not claim that a wrongful death action would offend the policy of Washington. True, the Washington wrongful death statute allows three years to sue, but the fact that Oregon cuts the time down to two years could hardly be thought to affront the public policy of Washington.

Affirmed.