The ESTATE of Audie MURPHY by its Administratrix, Pamela Opal Lee Murphy, et al., Plaintiffs,

v.

COLORADO AVIATION, INC., et al., Defendants.

Civ. A. No. C–4381.

United States District Court,
D. Colorado.

Jan. 18, 1973.

Hafif & Shernoff, Claremont, Cal., Paul Caruso, Beverly Hills, Cal., William L. Carew and Thomas H. Birch, Colorado Springs, Colo., for plaintiffs.

Renner & Goss, Denver, Colo., for defendants.

## OPINION AND ORDER

CHILSON, District Judge.

This is an action for damages for the alleged wrongful death of one, Audie Murphy, who was killed in the State of Virginia, in an airplane accident.

The plaintiffs are residents of the State of California, defendants are residents of the State of Colorado, and diversity jurisdiction is alleged.

The complaint alleges that the corporate defendants were the owners of the aircraft which crashed; Herman Butler was the pilot, and that negligence on the part of the defendants in piloting, maintaining and managing the aircraft was the proximate cause of Murphy's death.

Damages are sought pursuant to the Colorado Wrongful Death Statute, C.R.S. 1963, 41–1–2 as amended. By the first claim, plaintiffs seek to recover $1,805.97 for funeral and burial expenses and by the second claim, $10,000,000.00 general damages.

The three corporate defendants have filed a motion to dismiss the complaint for failure to state a claim or in the alternative, a motion to strike certain allegations from the complaint. By this motion, the defendants raise the question of whether or not this action is governed by the laws of the State of Colorado where the action was brought or by those of the State of Virginia where the accident and the death of Audie Murphy occurred.

The defendants' position is succinctly stated as follows:

"Colorado follows lex loci delicto, (the law of the place where the tort occurred), and in wrongful death acts, Colorado applies the law of the state where the death occurred."

Not only has Colorado adopted this rule (see Pando v. Jasper, 133 Colo. 321, 259 P.2d 229), but the rule is also supported by the great weight of authority (see Stoltz v. Burlington Transportation Co., 178 F.2d 514 (10th Cir. 1949).

The plaintiff, while admitting that Colorado has adopted this rule, contends there are indications that the Colorado Supreme Court might, at this time, adopt a different rule. In support, plaintiffs refer to Briola v. Roy, 170 Colo. 97, 459 P.2d 288 (1969). *Briola* does not over-

**1096**

rule or modify *Pando*, nor does *Briola* discuss the rule of "lex loci delicto".

It is conceivable that the Colorado Supreme Court, at some time, may adopt a different rule, but it would be pure speculation for this Court to find that the Colorado Supreme Court will abandon this well-established rule, and if so, when, and what it will substitute and whether or not a new rule, if adopted, would be retroactive or prospective.

We therefore follow the established Colorado rule that the law of the state where the death occurred shall govern, and in this action, the law of the State of Virginia shall apply.

Since this action is brought to recover under the Colorado statute, the complaint fails to state a claim upon which relief can be granted, and the defendants' motion to dismiss should be sustained.