O. J. SHIELDS, Plaintiff,

v.

**BECHTEL POWER CORPORATION, a corporation, et al., Defendants.**

**SHURTLEFF & ANDREWS, a corporation, Third-Party Plaintiff,**

v.

**CLARK PAINTING COMPANY, Third-Party Defendant.**

**No. C77–73B.**

United States District Court,
D. Wyoming.

Oct. 6, 1977.

G. L. Spence, Spence & Moriarity, Casper, Wyo., for plaintiff.

Lathrop & Uchner, Cheyenne, Wyo., for Bechtel.

Guy, Williams & White, Cheyenne, Wyo., for Shurtleff.

Murane, Bostwick, McDaniel, Scott, Greenlee & Owens, Casper, Wyo., for Bechtel and Pacific.

Cardine, Vlastos & Reeves, Casper, Wyo., for Clark Painting.

## ORDER GRANTING MOTION TO DISMISS

BRIMMER, District Judge.

The above-entitled matter is a personal injury suit concerning an accident which occurred at the Jim Bridger Power Plant near Rock Springs, Wyoming. Defendants Shurtleff and Andrews have brought a third-party complaint seeking contribution from Clark Painting Company as a joint tort-feasor pursuant to Wyoming Statutes, Sections 1–7.3—1–7.6 (Cum.Supp.1975). Clark Painting Company was, at the time of the accident in question, Plaintiff's employer. The Plaintiff has collected Workmen's Compensation benefits from Clark Painting Company as a result of his injuries.

The matter is presently before the Court upon Clark Painting Company's motion to dismiss the third-party complaint. Clark Painting Company contends that it is not liable for contribution since it is not a joint tort-feasor within the meaning of the Wyoming Contribution Statute, *supra*. Shurt-

leff and Andrews contend that Clark Painting Company is in fact a joint tort-feasor and that therefore the third-party complaint is proper. Resolution of these conflicting assertions will necessarily involve interpretation of the relevant Wyoming Workmen's Compensation Act provisions as well as The Contribution Among Joint Tort-Feasors Act. Those provisions respectively provide, in pertinent part, that:

"The right of each employee to compensation from such fund (Workmen's Compensation Benefits) shall be in lieu of and shall take the place of any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reason of any such injuries or death." Wyoming Constitution, Article 10, Section 4.

"The right to contribution exists among joint tort-feasors . . . (d) . . . joint tort-feasor means one of two or more persons jointly or severally liable in tort for the same injury to person or property . . .." Section 1–7.3, Wyoming Stat.Ann. (Cum.Supp.1975).

It must therefore be determined by this Court whether Clark Painting Company, in light of the Wyoming Workmen's Compensation provision, is jointly or severally liable in tort to the Plaintiff so as to become a joint tort-feasor. The problem is not novel, and has been discussed by other courts.

The majority view is illustrated by the Tenth Circuit Court of Appeals' decision in *Hill Lines v. Pittsburgh Plate Glass Co.*, 222 F.2d 854 (10th CA 1955). In that case there was a factual setting similar to the present situation. The defendant had brought a third-party complaint against the plaintiff's employer for contribution and indemnity. The Court granted a summary judgment in favor of the employer stating:

"A construction of emphatic words protecting the employer from 'any other liability whatsoever' to 'any and all persons whomsoever' for 'personal injury to' his employee, to require contribution to a third person for his injuries covered by the act, would render the words of exclu-

sion meaningless, and dissipate the purpose of the act . . . ." *Supra*, at 857.

It is important to note that the *Hill Lines* decision turned on the application of New Mexico's Workmen's Compensation and contribution laws. Those provisions are in all important respects virtually identical to the corresponding laws of Wyoming.

Another case concerning contribution from an employer is *Rowe v. John C. Motter Printing Press Company*, 273 F.Supp. 363 (D.C.R.I.1967). That case involved a construction of Rhode Island law which is, again, very similar to Wyoming law. The Court there said:

"But it is well settled that its provisions (Contribution Act) are only applicable where there is a common liability to an injured person. This common liability may be either joint or several, but there can be no contribution unless the injured person has a right of action in tort . . ." *Supra* at 365.

The same result was reached in *Kamali v. Hawaiian Electric Co., Inc.*, 504 P.2d 861 (Hawaii 1972) wherein the court stated:

"The position of the majority of jurisdictions is that to allow contribution in the face of the exclusive liability provision of the Workmen's Compensation law would be to strip the employer of the very protections intended by the statute."

■ Likewise, a third-party plaintiff can not recover from an employer by merely changing the nature of his complaint to a cause based on indemnity. In *Royal Indemnity Company v. Southern California Petroleum Corporation*, 67 N.M. 137, 353 P.2d 358 (1960), a case again involving New Mexico law, the court made it clear that the exclusive nature of the Workmen's Compensation provision must be read so as to destroy the right of indemnity.

Another case representative of this problem is *Hilzer v. McDonald*, 169 Colo. 230, 454 P.2d 928 (Colo.1969) wherein indemnity was not permitted because of the exclusivity of the Workmen's Compensation provisions of Colorado.

The commentators are uniformly in accord. In *Larson's Comprehensive Treatise on Workmen's Compensation* at Section 76.-21, Dr. Larson states:

"The great majority of jurisdictions have held that the employer whose concurring negligence contributed to the employee's injury cannot be sued or joined by the third party as a joint tort-feasor, whether under the contribution statutes or at common law. *The ground is a simple one: the employer is not jointly liable to the employee in tort; therefore, he cannot be a joint tort-feasor.*" (Emphasis supplied)

See also, Heft and Heft, *Comparative Negligence Manual*, Section 1.310 (1971); Prosser, *Torts*, Section 50 (1971); Comment, Smith, *9 Land and Water L.Rev.*, 589 (1973).

■ It appears to this Court that the only justifiable way to abrogate the Wyoming Workmen's Compensation provision, and its exclusive remedy thereunder is by the existence of a written contract of indemnity against the employer. *Pittsburg-Des Moines Steel Co. v. American Sur. Co. of New York*, 365 F.2d 412 (10th CA 1966); *Royal Indemnity Co. v. Southern California Petroleum Corp., supra.*

The Court is not unaware of the Wyoming Supreme Court's decision in *Markle v. Williamson*, 518 P.2d 621 (Wyo.1974). However, that case concerned a suit against a fellow employee and not the employer. The employer in that action was granted a summary judgment because he was covered under the Workmen's Compensation Act. Thus, *Markle* is not applicable to this controversy.

Neither is this Court unmindful of the opinion of the Honorable Ewing T. Kerr in *Pasco v. Rivera*, C75–94. However, a careful reading of that opinion does not disclose any final ruling on the law of contribution or indemnity. Third-party claims against the employer were asserted on the ground of indemnity as well as contribution and it is apparent that the Court felt that a dismissal was not justified at that early stage of the proceedings.

■ Therefore, the conclusion that this Court has reached, based on the foregoing, is that Clark Painting Company was not jointly or severally liable in tort to the Plaintiff. The exclusive nature of the Wyoming Workmen's Compensation provision does not permit any other interpretation. Clark Painting Company is not a joint tortfeasor and a claim for contribution against it is improper and must be dismissed.