**Gloria J. W. RITTER, Plaintiff,**

v.

**ASPEN SKIING CORPORATION, Defendant.**

**Civ. A. No. 81–K–804.**

United States District Court, D. Colorado.

Aug. 20, 1981.

Lee D. Foreman, Haddon, Morgan & Foreman, Denver, Colo., Philip W. Boesch, Jr., Kinsella, Boesch, Fujikawa & Towle, Los Angeles, Cal., for plaintiff.

David G. Palmer, Lawrence L. Hooper, Jr., Holland & Hart, Denver, Colo., for defendant.

## ORDER OF DISMISSAL

KANE, District Judge.

This is a wrongful death action charging defendant with negligence in the operation of its skiing areas. The defendant has moved to dismiss on the ground that plaintiff's claim is barred by the applicable statute of limitations. For the reasons below this motion is granted.

■ C.R.S. § 13–21–204 provides that wrongful death actions must be brought within two years after the commission of the alleged negligence resulting in the death for which suit is brought or within one year after the death for which suit is brought, whichever is later. The statute of limitations begins to run on the date the damage or injury arising from the commission of the alleged negligence, from which death later results, becomes known or by reasonable care could have been discovered. *Crownover v. Gleichman*, 38 Colo.App. 96, 554 P.2d 313 (1976), *aff'd* 194 Colo. 48, 574 P.2d 497 (1977), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978).

In the instant case, the decedent died between March 14, 1978 and April 29, 1978. Plaintiff learned of his death on or about April 29, 1978 and filed suit in California on December 22 of that year. That action was subsequently dismissed on March 18, 1981 and plaintiff brought the instant action on March 20, 1981. Thus plaintiff is attempting to bring this action over a year after the two year statute of limitations has expired. Plaintiff contends this action is timely, however, pursuant to the Colorado Renewal Statute, C.R.S. § 13–80–128[1] which provides for commencement of a new action upon the same cause of action within one year after termination of the original action.

■ Plaintiff's reliance on this statute is misplaced. By its terms, this statute only applies to actions commenced within the time periods delineated in Article 81 of Title 13 of the Colorado Revised Statutes. The section creating an action for wrongful death and prescribing the time within which the action must be brought is found within Article 21 of Title 13 (C.R.S. §§ 13–21–201–204). Thus, by its terms the renewal statute does not apply to wrongful death actions and plaintiffs claim is time barred.

■ Besides the specific language of C.R.S. § 13–80–128, renewal statutes have generally been held not to apply to wrongful death actions. The reasoning is that wrongful death statutes create a new liability, unknown at common law, and fix the time within which such action must be commenced. As such it is not a statute of limitations, but a statute of creation; thus the commencement of the action within the time fixed is an indispensable condition of the liability and of the action which it permits. *Partee v. St. Louis & S.F.R. Co.*, 204 F. 970, 972 (8th Cir. 1913). *See e. g., Western Coal and (&) Mining Co. v. Hise*, 216 F. 338 (8th Cir. 1914), *cert. denied*, 241 U.S. 666, 36 S.Ct. 551, 60 L.Ed. 1228; *Sandusky v. First Electric Cooperative*, 587 S.W.2d 37 (Ark.1979); *Smith v. Eureka Pipe Line Co.*, 122 W.Va. 277, 8 S.E.2d 890 (1940); *Rodman v. Missouri Pac. R. Co.*, 65 Kan. 645, 70 P. 642 (1902). *See also, O. H. Bengston v. Nesheim*, 259 F.2d 566 (9th Cir. 1958); *United States v. Boomer*, 183 F. 726 (8th Cir. Colo. 1910).

Although the Tenth Circuit has not ruled on the applicability of the renewal statute in issue, I have held that whatever right a plaintiff has to bring a wrongful death action is based solely on the wrongful death statute. *Blatter v. Caterpillar Tractor Co.*, Civil Action No. 81–K–1036, (Unpublished Opinion, August 6, 1981). Thus, while some courts have held to the contrary, *see, Pattermann v. Whitewater*, 32 Wis.2d 350, 145

---

1. C.R.S. § 13–80–128 provides:

*Commencement of new action upon involuntary dismissal.*

(1) If an action is commenced within the period allowed *by this article* and is terminated because of lack of jurisdiction or improper venue, the plaintiff or, if he dies and the cause of action survives, his executor or administrator may commence a new action upon the same cause of action within one year after the termination of the original action or within the period otherwise allowed by this article, whichever is later, and the defendant may interpose any defense or counterclaim which might have been interposed in the original action.

(2) Nothing in this section shall be construed as creating a cause of action not existing or recognized prior to April 1, 1971.

(3) This section shall be applicable to all actions which are first commenced in federal court as well as to those first commenced in the courts of Colorado or of any other state, and shall apply only to actions terminated on or after April 1, 1971. (Emphasis added.)

N.W.2d 705 (1966); *Turner v. N.C. & St. L. Railway,* 199 Tenn. 137, 285 S.W.2d 122 (1955); *Swainey v. Great Atlantic & Pacific Tea Co.,* 204 N.C. 713, 169 S.E. 618 (1933); *Brookshire v. Burkhart,* 141 Okl. 1, 283 P. 571 (1929); *Rock Island Coal Mining Co. v. Allen,* 106 Okl. 188, 233 P. 1060 (1924), I believe the majority position is the better view and the one to be adopted by this court. While the result is harsh, it is not my place to rewrite the statute. Any changes must come from the legislature. Accordingly, it is

ORDERED that defendants motion to dismiss is granted. It is further

ORDERED that this complaint and civil action are hereby dismissed. Each party to bear its own costs.