Beulah FORWARD, individually and as personal representative of the Estate of William Forward, deceased, Plaintiff,

v.

COTTON PETROLEUM CORPORATION, a Delaware corporation and Mercury Drilling Company, an Oklahoma corporation, Defendant and Third-Party Plaintiff,

v.

NITROGEN OIL WELL SERVICE COMPANY, a Texas corporation, Third-Party Defendant.

Civ. A. No. 81–K–244.

United States District Court,
D. Colorado.

June 8, 1982.

William D. Meyer, Hutchinson, Black, Hill, Buchanan & Cook, Boulder, Colo., for plaintiff.

Joseph J. Bellipanni, Davis, Graham & Stubbs, Denver, Colo., for Cotton and Mercury.

Richard D. Hall, Kevin E. O'Brien, Hall & Evans, Denver, Colo., for Nitrogen Oil Well Service.

MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a diversity action by the plaintiff for the wrongful death of her son from the explosion of surface casings on an oil well in Wyoming. The plaintiff is suing the owner of the well, Cotton Petroleum (hereinafter "Cotton"), and the installer of the casings, Mercury Drilling Company (hereinafter "Mercury"), for negligence, strict liability and breach of warranty. These defendants have impleaded the decedent's employer, Nitrogen Oil Well Service Company (hereinafter "NOWSCO"), alleging that NOWSCO negligently breached a duty of

care to perform in a workmanlike fashion and to implement adequate procedures for injecting the nitrogen into the casings. NOWSCO is an employer contributing to the Wyoming workmen's compensation fund for its employees and it is undisputed that NOWSCO has paid workmen's compensation benefits to the decedent's estate.

■ This matter is now before me on NOWSCO's motion for summary judgment on the third-party claim, pursuant to Rule 56, F.R.Civ.P. NOWSCO claims that the third-party action is barred by provisions in the Wyoming workmen's compensation statute and the Wyoming constitution which provide that the exclusive remedy against employers for employees' injuries in extra hazardous employments, is workmen's compensation.[1] The third-party plaintiffs assert that the workmen's compensation statute is inapplicable in the instant case because the plaintiff is not an employee; that even if it were applicable it does not bar third-party actions based on express contractual indemnity; that there is a triable issue of fact whether such an indemnity contract between the parties exists; and that the workmen's compensation statute and the Wyoming constitution do not bar claims for implied indemnity based on the breach of an independent duty of care owed by the employer to the third-party.

For the reasons expressed in this opinion, the motion for summary judgment is denied.

## I. APPLICABILITY OF WORKMEN'S COMPENSATION

The Wyoming workmen's compensation statute, Wyo.Stat.Annot. Section 27–12–103(a) (1977), provides that:

The rights and remedies provided in this act ... for an employee and his dependents for injuries incurred are in lieu of all other rights and remedies against any employer making contributions required by this act.

The third-party plaintiffs assert, arguendo, that even if workmen's compensation provides an exclusive remedy, it is an exclusive remedy for an employee and his dependents and the plaintiff is neither. Section 27–12–102(a)(iii) Wyo.Stat.Annot. (1977) defines dependent as "any individual, excluding the employee, entitled to benefits under the act." Since the plaintiff was not entitled to benefits under the act, she is not a dependent. Accordingly, if the plaintiff is not subject to the workmen's compensation exclusivity provision and could sue the employer directly, then third-party claims against the employer are also permissible.

■ However, I find that the third-party plaintiffs' argument is predicated on an incorrect interpretation of the Wyoming workmen's compensation statute. The statute states that the rights and remedies provided in the act are *"in lieu of all other rights and remedies against the employer"*; it does not say in lieu of only the employee's and employee's dependents' rights. This ambiguity is resolvable by reference to the Wyoming constitution. Article X, section 4 provides that the employee's right to workmen's compensation shall take the place of *"any and all rights of action against any employer contributing as required by law to such fund in favor of any person or persons by reson of any such injuries or death."* A wrongful death action by the decedent's mother and personal representative against the employer is clearly an action in favor of a person by reason of such injuries or death.[2] Accordingly, the third-party plain-

1. Wyoming law is applicable since Wyoming bears the most "significant relationship" with the occurrence. *See First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973).

2. I am unaware of any Wyoming case law directly on point. However, the Wyoming Supreme Court has impliedly found that wrongful death actions are subject to workmen's compensation exclusivity since the court found it necessary to discuss whether a third-party

claim was barred by workmen's compensation where the main claim, as in the instant case, was a wrongful death action by the personal representative. *See Pan Am. Petroleum v. Maddux Well Service*, 586 P.2d 1220 (Wyo. 1978). Accordingly, I believe that if the issue were squarely presented, the Wyoming Supreme Court would find that wrongful death actions against employers are subject to the workmen's compensation exclusivity provision.

tiffs' argument that the workmen's compensation statute is not even applicable to the main action and therefore, not applicable to the third-party claims, is without merit.

## II. INDEMNITY ACTIONS

■ The third-party plaintiffs next assert that even if the workmen's compensation exclusivity provision would bar a direct action by the plaintiff against the employer, it does not bar third-party claims against the employer for indemnity. There are two types of indemnity actions recognized in Wyoming: express indemnity actions, predicated on breach of an indemnity contract, and implied indemnity actions based on breach of an independent duty of care between the parties. There is little question that actions based on express contracts of indemnity between third-parties and employers are not barred by the Wyoming workmen's compensation exclusivity provision. See *Pittsburg Des Moines Steel Co. v. American Sur. Co. of New York*, 365 F.2d 412, 416 (10th Cir. 1966); *Shields v. Bechtal Power Corp.*, 439 F.Supp. 192, 194 (D.Wyo. 1977). However, since the third-party complaint fails to allege the existence or breach of an indemnity contract, I will only consider the claims based on implied indemnity.[3]

The question whether implied indemnity claims against employers are barred by workmen's compensation requires interpretation of apparently conflicting Wyoming case law. In *Shields v. Bechtal Power Corp.*, the Wyoming district court found that actions for contribution against an employer were barred by workmen's compensation. The court reasoned that there can be no contribution unless the injured person has a right of action in tort. Since the injured plaintiff's cause of action against the employer is precluded by the workmen's compensation exclusivity provision there can not be a contribution action against the employer. 439 F.Supp. at 194. The district judge went on to suggest in dicta that implied indemnity actions against employers are also barred by workmen's compensation. He stated:

> Likewise a third-party plaintiff can not recover from an employer by merely changing the nature of his complaint to a cause based on indemnity.... It appears to this court that the only justifiable way to abrogate the Wyoming Workmen's Compensation provision and its exclusive remedy thereunder is by a written contract of indemnity against the employer.

*Id.*

■ The dicta in *Shields* stands in direct contrast to the Wyoming Supreme Court's decision in *Pan American Petroleum v. Maddux Well Service*, 586 P.2d 1220 (Wyo. 1978). In *Pan American*, the Wyoming Supreme Court, while purporting not to decide the issue, held that implied indemnity actions are not precluded by workmen's compensation.[4] The Wyoming Supreme Court initially commented on the *Shields* decision. It stated:

ute, *see id.* at 1222, the Wyoming Supreme Court's reversal, even if it is somehow characterized as dicta, strongly suggests what result the Wyoming Supreme Court would reach if the issue were more squarely presented. Further, in diversity actions I am required to apply the applicable state rule of law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). I am bound by decisions from the highest state court but not from decisions by other federal district courts. *See generally* 1A Pt. 2 *Moore's Federal Practice*, para. 0.307–0.309. Accordingly, I must give more weight to dicta from a Wyoming Supreme Court decision than to dicta from another federal district court's decision.

---

3. Since the third-party plaintiffs claim in their reply brief that such a contract exists, they may amend their complaint to include such a contractual claim, within 15 days from the date of this order.

4. While the court stated that it had "no occasion in [the] opinion to decide whether or not causes of action based on implied indemnity or common law indemnity would be precluded by the Workmen's Compensation Act" *id.* at 1224, it also reversed the trial court's dismissal of the third-party plaintiff's implied indemnity claim and remanded it for trial. *Id.* at 1226. Since the trial court had dismissed the implied indemnity claim on the ground that it was barred by the Wyoming Workmen's Compensation stat-

The only third-party claim before the court in *Shields* was a claim for contribution. It may be persuasive on that theory of recovery—we are not asked to consider that question here—but the *dicta* with regard to indemnity may be overly narrow.

*Id.* at 1223. [Emphasis in original.]

The court then went on to interpret the language of Art. X, section 4 of the Wyoming constitution. It stated:

> The rights of action in favor of 'any' person, that are precluded by the Constitution, are those which arise 'by reason of any such injuries or death.' ... Certainly, a claim for indemnification from an employer would not arise but for the occurrence of an injury or death to an employee. A third-party claim for indemnity, however, is not based on the employee's injury. It is based on—'by reason of'—' on account of'—the alleged breach of an independent duty owed by the employer to the third party. A third-party claim for indemnity does not, therefore fit within the language used in the Wyoming Constitution. This conclusion is buttressed by the realization that the enactment of the Worker's Compensation statutes resulted in a trade-off of rights and liabilities between the employer and the employee. Third parties, seeking indemnity, received no benefits and, therefore, should not be held to have impliedly given up any rights.
>
> We hold that the Worker's Compensation provisions do not bar third-party claims for indemnity.

*Id.* (Citations omitted.)

Accordingly, I hold that the third-party plaintiffs' implied indemnity action is not precluded by workmen's compensation.

For the reasons stated in this opinion it is hereby

ORDERED that the third-party defendant's motion for summary judgment is denied.