**Chester R. VICKERY, Plaintiff,**

v.

**RELIABLE ELECTRIC COMPANY, a corporation, Defendant, Third-party Plaintiff, and Appellant,**

v.

**HOWARD P. FOLEY COMPANY, a corporation, Third-party Defendant and Appellee.**

No. 81–1763.

United States Court of Appeals, Tenth Circuit.

April 1, 1983.

---

John D. Parken, Salt Lake City, Utah, for Reliable Elec. Co., B.L. Dart, also of Dart & Stegall, Salt Lake City, Utah, with him on brief.

Bruce H. Jensen, Salt Lake City, Utah (Raymond M. Berry, also of Snow, Christensen & Martineau, Salt Lake City, Utah, with him on brief), for Howard P. Foley Co.

Before McWILLIAMS, DOYLE and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

The appeal in this diversity case raises the question whether under Wyoming law an employer who has paid worker's compensation benefits to its injured employee can be liable to a third-party tortfeasor on theories of contribution, implied indemnity, or common-law indemnity because of primary negligence on the part of the employer. The trial court determined that Wyoming would not permit recovery on any of those theories and dismissed the third-party complaint.

At the time of the injury Howard P. Foley Company was installing guy cables on an electric transmission line tower. Its employee Chester R. Vickery was injured when a cable slipped out of a strandvise manufactured by Reliable Electric Company. After collecting worker's compensation benefits from his employer's carrier, Vickery sued Reliable on product liability theories. Reliable settled the case with Vickery and sought indemnity and contribution from Foley in a third-party complaint.

Foley contended successfully below that the exclusivity provision of the Wyoming Worker's Compensation Act protects it from liability to third parties as well as from tort liability to its own employees who collect benefits. The exclusivity provision provides:

"The rights and remedies provided in this act [§§ 27-12-101 to 27-12-804] for an employee and his dependents for injuries incurred in extrahazardous employ-

ments are in lieu of all other rights and remedies against any employer making contributions required by this act, or his employees acting within the scope of their employment unless the employees are culpably negligent, but do not supersede any rights and remedies available to an employee and his dependents against any other person."

Wyo.Stat. § 27–12–103(a). Reliable contends that this section does not protect Foley from liability because Foley and its employees engaged in willful, wanton, and reckless conduct and the statute does not protect employers from the consequences of such gross misconduct. This contention has been rejected by the Wyoming Supreme Court in a recent decision, *Mauch v. Stanley Structures, Inc.*, 641 P.2d 1247, 1250 (Wyo. 1982). That decision held that a co-employee loses immunity if he or she was culpably negligent, but that culpable negligence on the part of an employer or its employees does not affect the liability of an employer.

■ Neither can Reliable recover from Foley on the theory of common-law contribution. The Supreme Court of Wyoming has held that contribution cannot be had between an entity protected by the worker's compensation laws and a third-party tortfeasor because these entities can never be jointly or severally liable in tort for the employee's injury. The court reasoned that worker's compensation benefits are available to an injured employee regardless of fault and that common-law tort concepts should not be injected into the industrial insurance concept of worker's compensation by way of contribution. *Cottonwood Steel Corp. v. Hansen*, 655 P.2d 1226 at 1236–37 (Wyo.1982); *accord Heckart v. Viking Exploration, Inc.*, 673 F.2d 309, 314 (10th Cir. 1982).

■ Apparently, Reliable seeks indemnity from Foley under two theories. The first is the common-law tort theory of indemnity, which applies when one party is primarily liable and the party seeking in-

demnity is secondarily liable. *See Heckart*, 673 F.2d at 314; W. Prosser, *Handbook of the Law of Torts* 312 (4th ed. 1971). The concept was developed to escape the common-law rule that joint tortfeasors could not recover in contribution from each other because they were both at fault; it seemed unjust that a party guilty only of a failure to inspect or other "passive" negligence could be forced to bear the liability when another's fault was much greater and was the primary cause of the injury. Wyoming has not decided whether a third-party tortfeasor can recover from an employer on the theory of common-law indemnity. In *Pan American Petroleum Corp. v. Maddux Well Service*, 586 P.2d 1220, 1224 (Wyo.1978), the court expressly reserved the question whether the Worker's Compensation Act would preclude an action against an employer based on common-law indemnity. We believe that the Wyoming Supreme Court would not recognize such a cause of action against an employer who has paid worker's compensation benefits to an injured employee. The court in *Cottonwood Steel Corp.*, addressing the question of common-law contribution, disapproved the injection of fault concepts into the industrial insurance concept of worker's compensation. We believe that the Wyoming Supreme Court would react similarly to an attempt to inject those same fault concepts under the guise of common-law indemnity. The exclusivity provision of the worker's compensation law provides that the recovery of benefits by an injured employee is "in lieu of all other rights and remedies against any employer making contributions required by this act;" we believe that this provision bars any tort theory recovery against the employer, including third party actions such as the one asserted by Reliable.

■ Whether Wyoming would permit recovery against the employer on an implied indemnity theory is a more difficult question.[1] Implied indemnity is based on

1. The *Pan American* court stated that it was reserving the issue of whether a third party can bring an "implied indemnity" action against an

employer protected by the worker's compensation laws. Despite the *Pan American* court's statement, Reliable argues that the court recog-

contract theory, unlike common-law tort indemnity. A cause of action for implied indemnity arises when there is a relationship between the party seeking indemnity and the party against whom indemnity is sought, such that the latter owes an independent duty to the former. Therefore, the third party claim for implied indemnity is not based upon the employee's injury, but upon "the alleged breach of an independent duty owed by the employer to the third party." *Pan American,* 586 P.2d at 1224. We need not decide whether Wyoming would recognize the implied indemnity theory as an exception to the exclusivity of the worker's compensation laws of that state, because that cause of action is based on the breach of an independent duty and no independent duty of Foley to Reliable has been established. There were no direct contractual dealings between Foley and Reliable on which to base an independent duty owed by Foley. The strandvise that failed was supplied to Foley by Pacific Light & Power Company, whose transmission lines were being strung by Foley. This case does not involve relationships between a contractor and its subcontractor or between a landowner and one doing work on the premises. The relationship of seller and purchaser does not itself establish an independent duty owed by the purchaser to the seller. Reliable does not claim that Foley was responsible for the design of the strandvise or that Foley had a duty to test, inspect, or instruct its employees on use of the strandvise. Reliable merely contends that Foley's employees used the strandvise in a manner contrary to its intended use, by pulling cable through the strandvise and accumulating dirt and other substances in the mechanism. This argument merely restates Reliable's prior argument based on common-law indemnity, which was rejected above: Reliable has not established an independent

contractual duty upon which to base an action for implied indemnity.

AFFIRMED.

nized implied indemnity as a basis for a claim over against the employer; after finding there was no express contractual indemnity, the court reversed and remanded for a trial on "implied-indemnity claims." 586 P.2d at 1226. The court in *Forward v. Cotton Petroleum Corp.,* 540 F.Supp. 122 (D.Colo.1982), agreed with Reliable's reading of the *Pan American* case: it held that the supreme court did decide that implied indemnity actions are not precluded by Wyoming worker's compensation laws. *Id.* at 124 & n. 4.