**Ewell and Thelma NELSON, Plaintiffs,**

v.

**David Grant HALL, Defendant.**

**Civ. A. No. 82–K–732.**

United States District Court,
D. Colorado.

Nov. 7, 1983.

William J. McCarren, Grant, McCarren & Bernard, Longmont, Colo., Robert L. Shirkey, Kansas City, Mo., for plaintiffs.

Gilbert A. Dickinson, Littell & Dickinson, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a wrongful death action brought by the plaintiffs Ewell and Thelma Nelson on behalf of their daughter Theresa Louise Nelson. Theresa was killed in a two car collision on Interstate 70 near Burlington, Colorado in May of 1977. The accident occurred when the car she was riding in was struck from behind by a vehicle driven by the defendant, David Grant Hall. The plaintiffs subsequently filed two separate actions against the defendant in the Missouri trial courts. The first action was dismissed because service of process was never made upon Mr. Hall. Judgment was entered for the defendant in the second action because the plaintiffs failed to allege

the Colorado Wrongful Death Act. Colo. Rev.Stat. §§ 13–21–201–204 (1973 & Cum. Supp.1982). That judgment is currently being considered by the Missouri Court of appeals. (Missouri Court of Appeals, Western District, No. 34,469). Plaintiffs filed a third action against the defendant in this court in May of 1982. This matter is now before me on defendant's motions for summary judgment and to stay or dismiss this proceeding without prejudice.

## I. COLO.REV.STAT. § 13–80–126

Defendant has moved for summary judgment on the grounds that the plaintiffs' cause of action is barred by Colo.Rev.Stat. § 13–21–204 (1973 & Cum.Supp.1982) which provides that actions filed under the Colorado Wrongful Death Act must be brought within two years from the commission of the alleged negligence or within one year from the date of death, whichever is later. Plaintiffs have responded by asking me to resolve the issue of whether Colo.Rev.Stat. § 13–80–126 (1973 & Cum.Supp.1982) tolls the two year period in which one must bring a wrongful death action. Plaintiffs have also asked me to consider the decision of *Wolff v. Whittaker Marine & Mfg. Co., Inc.*, 484 F.Supp. 1021 (E.D.Mo.1979). I will first decide whether § 13–80–126 tolls the two year period under the wrongful death act.

The statute at issue states:

If when a cause of action accrues against a person, he is out of the United States or has concealed himself, the period limited for the commencement of the action by *any statute of limitations* shall not begin to run until he comes into the United States or until he is no longer concealed .... (emphasis added)

Defendant contends that my opinion in *Ritter v. Aspen Skiing Corporation*, 519 F.Supp. 907 (D.Colo.1981) precludes the application of § 13–80–126 to the wrongful death act. I agree. In *Ritter*, I held that Colo.Rev.Stat. § 13–80–128 by its own terms did not apply to wrongful death actions. I also went on to describe the nature of the wrongful death action:

[W]rongful death actions create a new liability, unknown at common law, and fix the time within which such action must be commenced. As such it is *not a statute of limitations, but a statute of creation;* thus the commencement of the action within the time fixed is an *indispensable condition* of the liability and of the action which it permits. (emphasis added)

519 F.Supp. at 908.

Colo.Rev.Stat. § 13–80–126 by its own terms only applies to "the period limited for the commencement of the action by any statute of limitations." The Colorado Wrongful Death Act is not a "statute of limitations but a statute of creation." Thus § 13–80–126 will not toll the two year period in which one has to commence a wrongful death action.

Plaintiffs have asked me to deny defendant's motion for summary judgment on the basis of a decision by the Federal District Court for the Eastern District of Missouri in *Wolff v. Whittaker Marine & Mfg. Co., Inc.* The court in *Wolff* held that a wrongful death action not filed until five years after the decedent's death was not barred by laches, since the same action was filed in a state court within two years of the events at issue. Plaintiffs are essentially claiming that this action should not be barred by Colorado's wrongful death statute since they filed the same action against David Hall in a Missouri trial court in May of 1979. I am inclined not to follow the rationale of *Wolff.* First of all, plaintiffs have made no showing that they were prevented from filing the action against Mr. Hall in this court in 1979, well within the two year period designated in § 13–21–204. Instead, plaintiffs chose to file their claim in a Missouri trial court where it was dismissed for failure to allege the Colorado Wrongful Death Act. As I stated in *Ritter:* "[W]hatever right a plaintiff has to bring a wrongful death action is based solely on the wrongful death statute." 519 F.Supp. at 908. (citing *Blatter v. Caterpillar Tractor Co.*, Civil Action No. 81–K–1036, Unpublished Opinion, August 6,

1981). By following the *Wolff* decision, I would be extending the period in which one could bring such an action. Such a task falls within the province of the legislature.

## II. THE APPLICATION OF MISSOURI OR COLORADO LAW

The plaintiffs have asked me to apply Missouri's wrongful death statute [1] to this action because they are not convinced that the "courts of Colorado should or would automatically apply the Colorado wrongful death statute simply because the death of Theresa Nelson occurred in Colorado." Plaintiffs' Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment at 1. Plaintiffs are correct in their assertion since the Colorado Supreme Court explicitly held in *First National Bank v. Rostek*, 182 Colo. 437, 514 P.2d 314 (1973) that "Colorado will adopt the general rule of applying the law of the state with the most 'significant relationship' with the occurrence and the parties, as presented and defined in the Restate-

ment ...." [2] 514 P.2d at 320. Colorado no longer strictly adheres to the doctrine of lex loci delicti in multistate controversies.[3] Such a rule was vigorously applied in the past. *See Stoltz v. Burlington Transportation Co.*, 178 F.2d 514 (10th Cir.1949); *Estate of Murphy v. Colorado Aviation, Inc.*, 353 F.Supp. 1095 (D.Colo.1973); *Bannowsky v. Krauser*, 294 F.Supp. 1204 (D.Colo.1969). Nevertheless, I hesitate to resolve this issue of whether Missouri or Colorado has a more significant relationship to the accident and the parties in this action. I must first decide whether to stay or dismiss this proceeding on the grounds that a similar proceeding with similar issues is before the Missouri Court of Appeals.

## III. STAY OF PROCEEDINGS PENDING ACTION IN STATE COURT

It is well established that federal courts have the inherent power to stay proceedings where the same cause of action is being adjudicated in a state court.[4] *See*

---

1. Mo.Ann.Stat. § 537.080 (Vernon Cum.Supp. 1983).

2. Section 175 of the Restatement applies to wrongful death actions. That section reads:
   In an action for wrongful death, the local law of the state where the injury occurred determines the rights and liabilities of the parties *unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the state will be applied.* (emphasis added).
   Restatement (Second) of Conflict of Laws § 175 (1971). The considerations outlined in § 6 include:
   a.) the needs of the interstate and international systems,
   b.) the relevant policies of the forum,
   c.) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
   d.) the protection of justified expectations,
   e.) the basic policies underlying the particular field of law,
   f.) certainty, predictability and uniformity of result, and
   g.) ease in the determination and application of the law to be applied.
   *Id.*

3. The term "lex loci delicti" means the law of the place where the crime or wrong took place.

More fully expressed by the words "lex loci delicti commissi" (law of the place where a tort is committed). Black's Law Dictionary 1056 (rev. 4th ed. 1968). I followed the Restatement's "most significant relationship" test in *Forward v. Cotton Petroleum Corp.*, 540 F.Supp. 122 (D.Colo.1982) (Wyoming law applied to wrongful death diversity action).

4. [R]elying on inherent federal power, federal courts often consider these motions in an effort to maximize the effective utilization of judicial resources and to minimize the possibility of conflicts between courts. Thus, when the litigation involves the construction of a state constitution or statute, the court may grant a motion to stay to avoid deciding matters that are peculiarly suited to determination by the state's tribunals.
   Wright & Miller, Federal Practice and Procedure: Civil § 1360 at 637–38 (1973).
   Indeed, increased case loads throughout the federal system seem to have increased the sensitivity of federal courts to the potential waste of judicial resources and unfairness to the litigants which may result from duplicative litigation in federal and state courts. Since the federal courts are generally without authority to enjoin state proceedings, the federal courts have of necessity considered but one cure for duplicative action: stay or dismissal of the federal action.

*Will v. Calvert Fire Insurance Co.,* 437 U.S. 655, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978); *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 818, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *State Farm Mutual Automobile Insurance Co. v. Scholes,* 601 F.2d 1151 (10th Cir.1979). I confronted this issue in *Adolph Coors Co. v. Davenport Machine & Foundry Co.,* 89 F.R.D. 148 (D.Colo.1981) where I refused to stay a brewing company's breach of contract and negligence action despite a pending suit filed against the company in state court. The primary reason for denying the stay was the fact that the state proceeding had not progressed to a point where jurisdiction was clear. 89 F.R.D. at 153. This case does not fall into the same category. In my *Coors* opinion, I applied the considerations outlined by the Tenth Circuit in *State Farm* in deciding whether to grant a stay. Those considerations include:

> [C]omity, the extent of disputed factual (as opposed to legal) issues involved, adequacy of relief available in state court, avoidance of maneuvers designed to throw sand into judicial machinery, the order in which the courts obtained jurisdiction, the need for comprehensive disposition of litigation and the desirability of avoiding piecemeal litigation.

601 F.2d at 1155.

The circumstances in this case satisfy nearly all of those factors. First of all, the issue in this proceeding, whether the Colorado or Missouri wrongful death statute should be applied, is being considered by the Missouri Court of Appeals. The similarity of issues in these two proceedings warrants deference to the state court in the interest of comity. Adequate relief is also available in the Missouri Court of Appeals. Plaintiffs filed their claim against the defendant in the Missouri trial court in May of 1979, thereby meeting the two year limitation prescribed by Colorado's wrongful death statute. The Missouri Wrongful Death Act provides for a three year limitation period and incorporates a concealment provision within that statutory limitation.[5] Therefore, a decision by the Missouri Court of Appeals determining which law should apply will give plaintiffs a cause of action under either wrongful death statute. The Missouri trial court also obtained jurisdiction before plaintiffs filed an action against David Hall in this court. The general rule in federal litigation is that the first court to obtain jurisdiction should have priority. *O'Hare International Bank v. Lambert,* 459 F.2d 328 (10th Cir.1972). Finally, the defendant has met his burden of showing the need for the delay and that the other party will not be prejudiced by the entry of a stay order. *Landis v. North American Co.,* 299 U.S. 248, 255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *Ohio Environmental Council v. United States District Court,* 565 F.2d 393, 396 (6th Cir.1977). The delay is necessary because a decision on the part of this court could easily result in a conflicting judgment with that of the Missouri Court of Appeals. The plaintiffs will not suffer from the entry of a stay order as they have asked this court to grant a stay rather than a dismissal. *See* Memorandum in Opposition to Defendant's Motion to Stay or Dismiss at 2.

For the above stated reasons, it is ordered that:

---

1A, Pt. 2 Moore's Federal Practice ¶ 0.203[4] at 2136 (1983). *But cf. Bio Analytical Services v. Edgewater,* 565 F.2d 450, 453 (7th Cir.1977) (district court erred in failing to exercise jurisdiction because of previous filing of suit in state court).

5. Every action instituted under section 537.080 shall be commenced *within three years* after the cause of action shall accrue: provided, that if any defendant, whether a resident or nonresident of the state at the time any such cause of action accrues, shall then or thereaft-

er be absent or depart from the state, so that personal service cannot be had upon such defendant in the state in any such action heretofore or hereafter accruing, *the time during which such defendant is so absent from the state shall not be deemed or taken as any part of the time limited for the commencement of such action against him.* . . . (emphasis added)

Mo.Ann.Stat. § 537.100 (Vernon Cum.Supp. 1983).

Defendant's motion for summary judgment is denied.

Defendant's motion to dismiss without prejudice is denied.

Defendant's motion to stay this proceeding pending the decision of the Missouri Court of Appeals in a concurrent action is granted. This action is hereby stayed. It is removed from the active docket of this court and will be reinstated upon motion of either party.